(Nos. 37028, 37029, cons.—■■■■)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILLIP A. LANCE and EUGENE HERRON, Plaintiffs in Error.

*Opinion filed September 28, 1962.*

PHILLIP LANCE and EUGENE HERRON, *pro sese.*

WILLIAM G. CLARK, Attorney General, of Springfield, and JAMES V. CUNNINGHAM, State's Attorney, of Peoria, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and GEORGE R. KENNEDY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendants, Phillip Lance and Eugene Herron, were arrested on February 11, 1961, and on February 22 they were indicted for kidnapping by the grand jury of Peoria County. On June 13, 1961, they moved to dismiss the in-

dictment for want of prosecution and their motion was granted on June 14. On June 20, 1961, they moved that the order of June 14 be vacated and the indictment reinstated. This motion was granted, and they then pleaded guilty and were sentenced to not less than one nor more than five years imprisonment. On these writs of error, which have been consolidated in this court, the defendants assert (1) that the trial court lacked jurisdiction to vacate its order of June 14 which dismissed the indictment for want of prosecution, and (2) that they were deprived of their constitutional rights by the incompetence of the public defender who was appointed to represent them.

The attack upon the trial court's jurisdiction to vacate the order dismissing the indictment rests upon an exception to the settled power of a common-law court over its judgments within term time. The duration of that power is today measured by a period of thirty days from the entry of the judgment, rather than by the expiration of a term of court, but the authority of the court during that period is the same as the historic common-law power of the court over its judgments during term time.

The exception upon which the defendants rely has been announced in those criminal cases in which it has been held that the court loses jurisdiction over its judgment at once when a convicted defendant pays his fine or begins to serve his sentence. The judgment is then said to have been "executed," and it is held that the court is without power to set it aside, even within the thirty-day equivalent of term time. See, *e.g., People* v. *Wakeland,* 15 Ill.2d 265; *People* v. *Putnam,* 398 Ill. 421.

Although the defendants concede that there is no precedent for their position, they argue that the judgment of June 14, which dismissed the indictment, should be similarly characterized as an "executed" judgment which the trial court was without authority to vacate. But we see no reason to stretch the exception to the normal rule to em-

brace this case. Indeed, we think that the appropriate analogy is rather to what is characterized as a "self-executing" judgment (*People ex rel. McDonnell* v. *Thompson,* 316 Ill. 11, 15) which "requires no process of any kind to enforce it." (See *People ex rel. Bell* v. *Zane,* 105 Ill. 662, 669.) We hold, therefore, that the trial court acted within its jurisdiction.

Nor can we say that the record shows that the public defender, who first secured the order dismissing the indictment and then moved to vacate it, was incompetent. The defendants insist that our prior decisions, (*People* v. *Morris,* 3 Ill.2d 437, 445-46; *People* v. *Kocielko,* 404 Ill. 54; *People* v. *Lantz,* 387 Ill. 72) require that we decide this contention solely upon the basis of the record made upon this indictment. We agree, and so reject the People's suggestion that extraneous circumstances justify the action taken by the public defender. But because we do not rely upon facts extrinsic to the record, it does not follow that we must characterize an appointed attorney's conduct as incompetent upon the assumption that no circumstances existed which would justify his action. The record in this case makes it clear that the defendants' status and their rights were carefully explained to them and that they fully acquiesced in their attorney's motion to vacate the order dismissing the indictment.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*