(No. 39488.—

THE PEOPLE *ex rel.* Jane MacMillian, Petitioner, *vs.* ALEXANDER J. NAPOLI, Judge, Respondent.

*Opinion filed May 23, 1966.—Rehearing denied September 21, 1966.*

MARSHALL PATNER, of Chicago, for petitioner.

DANIEL P. WARD, State's Attorney, of Chicago, (ELMER C. KISSANE and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for respondent.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an original *mandamus* action in which petitioner seeks to compel the judge before whom her criminal case is pending to treat as binding on him an order of another judge granting her pre-indictment motion to suppress evidence.

On April 8, 1965, Jane MacMillian filed her motion in the municipal division of the circuit court of Cook County to suppress the evidentiary use of narcotics found in her apartment. On May 11, she was indicted for unlawful pos-

session of narcotics. On May 14, Judge Wendt granted the motion to suppress. On May 28, Judge Napoli of the criminal division of the circuit court ruled that the suppression order was not conclusive in the criminal trial and that he would entertain a motion to suppress the use of narcotics as evidence.

Section 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1963, chap. 38, par. 114—12) provides that a person aggrieved by an unlawful search and seizure may move the court for the return of property and to suppress as evidence anything so obtained. The section further provides, "If the motion is granted the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant at any trial."

The People argue that petitioner is attempting in this *mandamus* action to gain an appeal of a nonfinal order. The short answer to this contention is that petitioner is not seeking a reversal of Judge Napoli's ruling; rather, she has commenced a new action asking that Judge Napoli be compelled to treat as binding the order entered by Judge Wendt.

The People then argue that Judge Wendt did not have jurisdiction to enter the suppression order. Section 114—12(c) provides that the motion shall be made only before a court with jurisdiction to try the offense, and the People contend that the offense of unlawful possession of narcotics, a felony, cannot be tried before the municipal court of Chicago. The cases cited by the People indicating that the municipal court of Chicago is without felony jurisdiction were decided before new section 8 of article VI of our constitution was adopted. Both Judge Wendt and Judge Napoli are judges of the circuit court of Cook County.

The plain unambiguous language of section 114—12(b) is that if a pretrial motion to suppress evidence is granted, the evidence suppressed under such order "shall not be admissible in evidence against the movant at any trial." If the

People are not content with an order granting a motion to suppress, they have the right to appeal from such an order. (Ill. Rev. Stat. 1965, chap. 110, par. 101.27.) The writ of *mandamus* will issue.

*Writ awarded.*