(No. 39909.—■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOSE L. QUINTANA, Appellant.

*Opinion filed January 19, 1967.*

WARD, J., took no part.

JULIUS LUCIUS ECHELES, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, JOEL M. FLAUM, and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

A Cook County circuit court jury found Jose L. Quin-

tana guilty of unlawfully selling narcotics, and he was sentenced to 10 to 15 years imprisonment. We need discuss only one of the issues presented on this appeal.

The sale upon which the conviction was based was alleged to have been made by defendant on September 11, 1963, to an officer then working as an undercover narcotics agent. On October 9, a complaint apparently was signed by this officer and a warrant issued for the arrest of defendant who appears to have been known to the officer only as "Slim". Defendant was not arrested until September 17, 1964, the State's evidence indicating he could not be located earlier, and defendant's testimony indicating he had lived at the same address, worked at the same employment and had not been out of the city between September, 1963, and September, 1964.

It is apparent that when brought before an associate judge of the circuit court for preliminary hearing defendant moved for an immediate discharge, not on the ground that the 120-day rule (Ill. Rev. Stat. 1965, chap. 38, par. 103—5(a)) had been infringed, but that the pre-arrest delay of approximately one year intervening between the alleged sale to the officer and defendant's arrest so prejudiced defendant in preparing his defense (inability to recall facts, names, unavailability of witnesses, *etc.*) as to violate his constitutional right to a speedy trial and due process requirements which, it was urged, make it mandatory upon the State to proceed against an individual within a reasonable time after his commission of an offense becomes known to law enforcement officers, and that the maximum period within which such action is required is not, for constitutional purposes, necessarily measured by the statutes of limitation. It is apparent also from the supplemental record before us that the judge agreed with defendant and that he discharged defendant for the reasons urged in support of the motion even though his final statement to the assistant State's Attorney arguing the motion was: "I can't agree

with you. You can take it direct if you wish. See what you can make up. No probable cause and discharged."

Four days later the State's Attorney secured an indictment charging defendant with the same offense. A verified motion for defendant's discharge was filed setting forth the earlier proceedings and stating the court had there discharged defendant because it found his rights under the sixth amendment to the constitution of the United States and section 9 of article II of the constitution of this State had been violated. Both of the constitutional provisions referred to embrace the right to a speedy trial. This motion was denied and the case proceeded to verdict and judgment. It is now urged that the unappealed ruling of the associate judge was *res judicata,* and that the trial judge's denial of the subsequent motion for discharge was improper.

If the disposition of the case by the associate judge was an allowance of defendant's motion for discharge by reason of the failure to accord him a speedy trial, it was an appealable order, (*People* v. *Petropoulos,* 34 Ill.2d 179, 181; Supreme Court Rule 604, 36 Ill.2d 170; Ill. Rev. Stat., 1965, chap. 38, par. 114—1), and not subject to later review by the trial judge. (*People ex rel. MacMillian* v. *Napoli,* 35 Ill.2d 80.) It is, of course, established law that once a defendant has been discharged because not accorded a speedy trial, he cannot be indicted anew for the same offense. *People* v. *Allen,* 368 Ill. 368, 377, *cert. den.* 308 U.S. 511, 84 L. Ed. 436; *People ex rel. Nagel* v. *Heider,* 225 Ill. 347, 350; Ill. Rev. Stat. 1965, chap. 38, par. 3—4(a)(2).

It was urged by the People in oral argument that the associate judge's discharge of defendant was nothing more than a finding of the absence of probable cause to believe defendant committed the offense and that defendant failed to establish before the trial judge that the earlier discharge had been because of the allegedly unconstitutional pre-arrest delay. We must disagree for it is undisputed that the discharge followed an argument upon defendant's motion for

discharge upon the constitutional grounds heretofore noted. The question of probable cause was neither mentioned in the argument nor discussed by the court, and there can be little question of the fact that, irrespective of the judge's choice of phraseology, the substance and effect of his order was allowance of defendant's motion. This being true, a re-determination by the trial judge of the correctness of that ruling was improper. (Ill. Rev. Stat. 1965, chap. 38, par. 3—4(a); *People ex rel. MacMillian* v. *Napoli,* 35 Ill.2d 80). We, of course, express no opinion as to the correctness of the associate judge's allowance of the original motion since that question is not now before us.

The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.