THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ERASMO SANTA, Defendant-Appellee.

First District (2nd Division) No. 60807

Opinion filed February 24, 1976.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Dennis J. O'Hara, and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin and Gail A. Moreland, Assistant Public Defenders, of counsel), 'for appellee.

Mr. JUSTICE HAYES delivered the opinion of the court:

Erasmo Santa (hereinafter defendant) was indicted on 26 November 1973 for the offense of unlawful delivery of a controlled substance (namely, heroin) in violation of section 401 of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1401(b)). On 6 December 1973, defendant was arraigned; he pled not guilty and the cause was transferred to a trial judge for trial on 10 December 1973. When the cause was called for trial on that date, defendant filed a motion for discharge under the Fourth Term Act (Ill. Rev. Stat. 1971, ch. 38, par. 103—5). Defendant then personally responded ready for trial, but defendant's appointed trial counsel (an assistant public defender) answered not ready and filed a motion for discovery. The motion for discovery was allowed and, on motion of the court, the trial was continued pending a

hearing on defendant's motion for discharge. On 4 February 1974, defendant's motion for discharge was heard and allowed; the court cited *People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473. On 28 February 1974, the State filed a motion to vacate the discharge. On 6 March 1974, the State's motion to vacate was denied on the ground that the court lacked jurisdiction owing to the fact that a vacatur would reinstitute the dismissed indictment, thereby subjecting defendant to double jeopardy. Pursuant to Supreme Court Rule 604(a)(1), the State here appeals from the allowance of the motion for discharge and from the denial of its motion to vacate the discharge. Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1).

The relevant facts are as follows. According to the State, the alleged offense was committed on 5 June 1973. On 26 July 1973, after a showing of probable cause to arrest, the police obtained an arrest warrant for defendant, and on that same date the warrant was served and defendant was arrested. Defendant did not post bail and remained in custody at all material times thereafter.

On 31 August 1973, a preliminary hearing on probable cause to prosecute was held. Defendant was present at the hearing and was represented by an assistant public defender. A narcotics officer testified for the State to the delivery of heroin by defendant to the said officer on 5 June 1973, pursuant to a pre-arranged plan. After cross-examination of the officer, both parties rested and the following then occurred:

"THE COURT: Any other witnesses?

There will be a finding of probable cause, by agreement, Grand Jury.

MR. SILVERMAN [Defense Counsel]: Very close to entrapment.

THE COURT: 9-17 [a Monday], want on Friday [September 21].

MR. McGINNIS [Prosecutor]: Doesn't matter.

MR. SILVERMAN: It doesn't matter, your Honor, he is in custody, he is a parole violator so he's not going any place.

THE COURT: 9-21."

On 21 September 1973, on motion of the State, the cause was continued to 26 September 1973; neither defendant personally nor his counsel said anything. On 26 September 1973, defendant again appeared personally and was represented by an assistant public defender other than the one who had represented him on 31 August:

"THE COURT: Erasmo Santa, he was charged with delivery of heroin allegedly occurring on June 5th, 1973, and on August 31st, 1972 [*sic*].

There was a preliminary hearing and a finding of probable cause.

The defendant was represented by the Public Defender.

MR. LASKO [Defense counsel]: Yes, your Honor. It was continued until this date so that possible plea bargaining could be entered into.

There has been no plea bargaining entered into.

We are ready for and are demanding trial.

MR. CORKELL [Prosecutor]: You are asking for a Grand Jury?

THE COURT: Grand Jury, same bond stands, $10,000.00. Check date 10-31. * * *"

On 26 November 1973 (the 123rd day defendant was in custody,) defendant was indicted. On 6 December 1973, defendant was arraigned and pled not guilty, and the cause was transferred to a trial judge for trial on 10 December 1973.

On that date, the cause came on for trial and defendant moved for discharge under the Fourth Term Act. Defendant personally answered ready for trial, but defense counsel (an assistant public defender who had not previously appeared on behalf of defendant) answered not ready and filed a motion for discovery. The trial court allowed the discovery motion and, on its own motion, continued the trial pending the hearing on a motion for discharge.

On 4 February 1974, after a hearing, the motion for discharge was allowed. Defendant's contention was that, at the preliminary hearing on 31 August 1973, he had not agreed to a continuance of the cause by his mere silence and the silence of his counsel when the court stated "by agreement, Grand Jury."

On 28 February 1974, the State filed a motion to vacate the discharge. On 7 March 1974, at the hearing on the motion to vacate, defense counsel contended that the trial court had no jurisdiction to consider the motion to vacate for two reasons: (1) The State had not been able personally to serve defendant with notice of the hearing because, defendant having been discharged, his whereabouts were unknown, and service on his trial counsel was of no avail because the attorney-client relationship had terminated upon the discharge; (2) In addition, the court had no jurisdiction of the subject matter in that the motion to vacate, if allowed, would violate defendant's constitutional right against double jeopardy because the discharge constituted the dismissal of the indictment, vacatur would reinstitute it, and defendant could not be re-indicted for the same offense. As to jurisdiction of the person, the State contended that defendant had been served by certified mail to his last known address; as to jurisdiction of the subject matter, the State

contended that the court retained inherent jurisdiction to reconsider its allowance of the motion to discharge for 30 days after the entry of that order. The court denied the State's motion to vacate the discharge on the ground that, if the motion were allowed, the vacatur would constitute double jeopardy by reinstituting the dismissed indictment.

This is an appeal by the State both from the allowance of defendant's motion for discharge and from the denial of the State's motion to vacate.

OPINION

On this appeal, defendant's appellate counsel relied upon the decision of this court (Fourth District) in *People v. Gooding* (1974), 21 Ill. App. 3d 1064, 316 N.E.2d 549. That case held that a continuance of a preliminary hearing at the request of the defendant prior to the return of any indictment against him did not in fact cause any delay in his trial and did not toll the running of the 120-day period so as to cause the said period to start running anew from the date to which the cause had been continued. Applying that principle to the instant case, appellate counsel contended that, even if the continuance granted on 31 August 1973 were held to have been agreed to by defendant, that continuance did not in fact delay defendant's trial because the State had then not yet indicted him, and in fact did not indict him until 26 November 1973, which was his 123rd day in custody; and he had answered ready for trial and had demanded trial on 26 September 1973, a date within the 120-day period from his being taken into custody on 26 July 1973.

■■ The reliance of defendant on *Gooding* led defendant quite logically to regard as irrelevant the contention on which he had prevailed in the trial court, namely, that the mere silence of defendant personally and of his counsel when the preliminary hearing judge said "by agreement, Grand Jury" could not be construed as assent thereto. In fact, in his appellee's answering brief, defendant goes so far as to state that it appears that he did agree to a continuance for the purpose of going to the grand jury. In addition, defendant's answering brief concedes that, contrary to defendant's contention on the State's motion to vacate, the trial court did have jurisdiction to entertain the motion. It is apparent that defendant put all his eggs in the one basket of *Gooding*. Unfortunately for defendant, our Supreme Court later reversed *Gooding* (*People v. Gooding* (1975), 61 Ill. 2d 298, 335 N.E.2d 769) and held that the defendant's request for a continuance of the preliminary hearing was a delay occasioned by him within the meaning of the Fourth Term Act, even though the defendant had not then been indicted. Hence, in the instant case, if defendant did agree to the continuance on 31 August 1973, then, despite the fact that defendant had not yet been indicted at

that time, his agreement caused the 120-day period to begin running again from 21 September 1973, and his motion for discharge on 10 December 1973 should have been denied.

Under the circumstances, we think that the interests of justice will best be served if we review the issue presented to the trial court by defendant's motion for discharge, namely, was the delay caused by the continuance granted by the preliminary hearing judge on 31 August 1973 chargeable to defendant in that defendant agreed to the continuance to 21 September 1973. More specifically, the issue simply is: did the defendant agree. The State contends that the transcript of proceedings at the preliminary hearing shows that he did, and that his agreement is confirmed by the transcript of proceedings on 26 September 1973. Defendant responds that these transcripts disclose mere silence on his part, from which silence his agreement may not be inferred. It will be recalled that the trial court, on 4 February 1974, found that the transcripts did not show that defendant had agreed to the continuance.

■■ Before reviewing the transcripts, we note that our Supreme Court has refused to attribute to defendant a continuance which, though the defendant had not expressly requested it, was nevertheless granted by the trial court for the benefit of defendant and which the defendant then silently and passively accepted, where the defendant was not represented by counsel at the time. (*People v. House* (1957), 10 Ill. 2d 556, 141 N.E.2d 12; *People v. Wyatt* (1962), 24 Ill. 2d 151, 180 N.E.2d 478.) In the instant case, however, defendant was represented by counsel both on 31 August 1973 and again on 26 September 1973, and their representations, made in his presence and without any dissent by him, are attributable to him. *People v. Sailor* (1969), 43 Ill. 2d 256, 253 N.E.2d 397.

On 31 August 1973, when the sole witness had testified and had been cross-examined, the preliminary hearing judge said: "Any other witnesses? There will be a finding of probable cause, by agreement, Grand Jury." Since there had obviously been no agreement to the finding of probable cause, the phrase "by agreement" must relate to the grand jury. The judge, therefore, was stating that the cause was being continued by agreement of the parties for the purpose of seeking indictment by the grand jury. Since the offense for which probable cause to prosecute had just been found was a felony, and since defendant refused to waive indictment, the State, in order to try defendant, had to seek indictment by the grand jury; and the defendant had his own interest for the reason that the grand jury might refuse to indict him. This was the basis on which the judge said "by agreement." Defendant personally said nothing. His counsel merely commented that the case against defendant was very close to entrapment. When the judge said: "9-17 [a Monday], want

on Friday [September 21]," the prosecutor replied that it did not matter to him which date was set. Defendant's counsel then said: "It doesn't matter, your Honor, he is in custody, he is a parole violator so he's not going any place." The defendant said nothing. The judge then set the cause for September 21. Defense counsel's comment, attributable to defendant because defendant was present and said nothing, is reasonably construable as indicating his agreement to a continuance to either date.

After a further continuance on motion of the State to September 26, the cause was called on that day. Defendant was present and was represented by an assistant public defender other than the one who had represented him at the preliminary hearing. By way of summary, the court said: "Erasmo Santa, he was charged with delivery of heroin allegedly occurring on June 5, 1973, and on August 31, 1972 [sic]. There was a preliminary hearing and a finding of probable cause. The defendant was represented by the Public Defender." To this the assistant public defender replied: "Yes, your Honor. It was continued until this date so that possible plea bargaining could be entered into. There has been no plea bargaining entered into. We are ready for and are demanding trial." The defendant said nothing. After the prosecutor had determined that defendant was asking for a grand jury, the court then said: "Grand Jury, same bond stands, $10,000.00. Check date 10-31." Defense counsel's comment introduces a second reason explaining defendant's agreement to the continuance granted "by agreement" at the preliminary hearing.

On this state of the record, we find that defendant did in fact agree to that continuance through the remarks of his counsel on 31 August 1973, and his agreement was confirmed by the remarks of his counsel on 26 September 1973—all made in his presence and without any dissent by him. Therefore, it was error for the trial court on 4 February 1974 to grant defendant's motion for discharge for the stated reason that the continuance granted on 31 August 1973 was not agreed to by defendant.

■■ As for the denial of the State's motion of 28 February 1974 to vacate the discharge, defendant's contention was that the court had no jurisdiction to entertain the motion. In fact, however, the court did entertain the motion and denied it on defendant's further contention that to grant it would be to subject the defendant to double jeopardy in that the granting of the motion would reinstitute the same indictment which had already been dismissed by his discharge. On this appeal, defendant has conceded that the court did have jurisdiction to entertain the motion on the basis of our Supreme Court's decision in *People v. Lance* (1962), 25 Ill. 2d 455, 185 N.E.2d 221, which distinguished the "self-executing" judgment of discharge from the "executed" judgment exception to the

general rule that the trial court retains jurisdiction over its judgment for 30 days after the entry of the judgment (unless within that time the defendant files in the trial court his notice of appeal). (See also Ill. Rev. Stat. 1973, ch. 38, par. 114—1(a)(1).) In *Lance*, the indictment was reinstated without any reference to double jeopardy. Since jeopardy attaches only when trial is begun on the indictment, we see no merit in the contention of double jeopardy. Therefore, the trial court had jurisdiction to entertain the State's motion to vacate the discharge, but erred in denying the motion.

For the foregoing reasons, the judgment of the trial court granting defendant's motion for discharge and the judgment of the trial court denying the State's motion to vacate are reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS, P. J., and DOWNING, J., concur.