THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STERLING HEIL, Defendant-Appellant.

Fifth District   No. 75-132

Opinion filed May 26, 1977.

JONES, J., dissenting.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Sterling Heil, was charged by indictment filed in the circuit court of St. Clair County with the offense of unlawful delivery of a controlled substance. Following a bench trial, defendant was found guilty as charged and was sentenced to three years probation and fined $500. From the judgment entered by the trial court defendant brings this appeal.

On appeal defendant contends that his conviction should be reversed

since the court had entered, prior to trial, an order dismissing the indictment and discharging defendant and that thereafter the court improperly readjudicated the matter and vacated the order.

The pertinent facts in this case are that following defendant's indictment, he made a demand for a speedy trial on February 28, 1974. On October 23, 1974, defendant filed a "petition for discharge based on statutory right for speedy trial." Defendant alleged in the petition that more than 160 days had passed since his demand for a speedy trial, that he had not been brought to trial, and that he had not caused any delay of the trial. On that same date, the trial court entered an order that:

> "This cause be dismissed for failure of the state to bring defendant to trial within the time allowed under the provision of Ch. 38 §103—5, I.R.S. Defendant's bond, less statutory fee to be refunded to defendant's counsel George R. Ripplinger, Jr".

The record shows that the State had been present at the hearing on defendant's motion. On the following day, October 24, 1974, the State filed a "motion to set aside and expunge order granting defendant's petition for discharge." In the motion the State alleged various facts which it claimed showed that delay had been caused by defendant. On October 25, 1974, two days after the court entered the order discharging defendant, defendant's bond was terminated and the county clerk issued a check refunding the bond, less court costs, to defendant's attorney. Thereafter, on October 29, 1974, a hearing was held on the State's motion and argument was had by both the State and defendant. An order was then entered overturning the prior order and setting the case for trial.

On appeal, defendant contends that at the hearing on the State's motion, the trial court improperly made a redetermination of whether defendant's statutory right to a speedy trial had been violated. Defendant argues that the prior discharge order which had been entered was an appealable order and that as such, a review of that order at the trial court level was error. The State responds by contending that the trial court retained jurisdiction over its order for 30 days after the entry thereof and may vacate a judgment within that time upon a showing of good cause. To this defendant replies that during the 30-day period a trial court only retains jurisdiction over an "unexecuted" judgment. Defendant then contends that his release from the obligations of his bail constituted an execution of the discharge order, thus, thereafter depriving the trial court of jurisdiction over the case. Moreover, defendant argues, the motion filed by the State to vacate the discharge order did not effect an extension of the court's jurisdiction since the State had not requested nor obtained a stay of the execution of the order. Defendant therefore concludes that the trial court was without jurisdiction when it attempted to vacate its discharge order four days after the execution thereof.

We are thus presented with two questions in this appeal: (1) whether the trial court had jurisdiction to entertain the State's motion to vacate the discharge; and (2) if so, whether the trial court committed error in readjudicating the matter in controversy after it had entered an appealable order of discharge and the State had not appealed that order.

■■ In arguing that the trial court was without jurisdiction at the time it entered the order vacating the discharge order, defendant relies by analogy on the rule that once a person has been sentenced and delivered to the proper officers under a penitentiary mittimus, the trial court loses jurisdiction at once and is thereafter without the power to modify its judgment. (See, *e.g., People v. Wakeland*, 15 Ill. 2d 265, 154 N.E.2d 245; *People v. Hamel*, 392 Ill. 415, 64 N.E.2d 865.)[1] Defendant argues that if the commencement of a sentence constitutes the execution of a judgment of guilt from which arises a concomitant loss of jurisdiction, then a release from the obligations of bail should constitute an "execution" of an order of discharge from which should also arise a concomitant loss of jurisdiction.

■■ At issue is the jurisdiction of the trial court over the subject matter of the cause. Under the provisions of section 9 of article VI of the Illinois Constitution of 1970 (Ill. Const. 1970, art. 6, §9) circuit courts "shall have original jurisdiction of all justiciable matters." In criminal cases, the circuit courts have subject matter jurisdiction over all offenses so long as there exists the necessary nexus between the case and the State as provided in section 1—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 1—5). (*People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456.) Once such jurisdiction attaches it continues until there is a final disposition or determination of the case in accordance with the law. (22 C.J.S. *Criminal Law* §165 (1961); see *People v. Gilmore; People ex rel. Sepanek v. Craine*, 28 Ill. App. 3d 1075, 329 N.E.2d 852.) Upon a final disposition or determination, the general rule is that the jurisdiction of the court terminates after 30 days following the entry thereof. *People v. Lance*, 25 Ill. 2d 455, 185 N.E.2d 221; *People v. McCloskey*, 2 Ill. App. 3d 892, 274 N.E.2d 358; see generally Ill. Rev. Stat. 1975, ch. 110A, pars. 604(d) and 606(b).

■■ In the case at bar, defendant relies on an exception to the general rule and he would have us broaden that exception in order to encompass the instant facts. This we decline to do.

In *People v. Lance*, 25 Ill. 2d 455, 185 N.E.2d 221, the defendants moved to dismiss their indictment for want of prosecution and their

---

[1] Section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(d)) has relaxed this rule by authorizing courts to reduce or modify the length of a sentence within 30 days of its imposition even though the sentence has been executed. *People v. Cornett*, 29 Ill. App. 3d 244, 329 N.E.2d 922.

motion was granted. Six days later, the defendants moved to vacate the order of dismissal and to reinstate the indictment. This motion was also granted and the defendants then pleaded guilty to the charge. On appeal, the defendants contended, as does defendant in the case at bar, that the trial court was without jurisdiction to vacate its prior order of dismissal since that order was an "executed judgment" within the ambit of the exception to the general rule. Our supreme court, after noting the general rule and its limited exception, stated that:

> "[We] see no reason to stretch the exception to the normal rule to embrace this case." (25 Ill. 2d 455, 456-57, 185 N.E.2d 221, 222.)

The court therefore held that the trial court had acted within its jurisdiction.

We find *Lance* is controlling and we therefore hold that the trial court had jurisdiction over the subject matter of the case at the time it entertained the State's motion to vacate the discharge order.

■■ The State, however, would have us hold that since the trial court had jurisdiction over the subject matter of the case for 30 days after it entered the order of discharge it also had the "inherent power" to redetermine the correctness of that order during the 30-day period. (See *People v. McCloskey*, 2 Ill. App. 3d 892, 274 N.E.2d 358.) But "inherent power" is not synonymous with jurisdiction. (*Miller v. General Telephone Co.*, 29 Ill. App. 3d 848, 330 N.E.2d 573.) Therefore, merely having determined that the trial court retained jurisdiction still leaves unanswered the question of whether the law permitted the court to have readjudicated the matter after it had entered an appealable order of discharge. Turning then to the propriety of the trial court's action, we note that *Lance* offers us little guidance as to this issue since there the defendants, themselves, moved to vacate the order of discharge and thus on appeal, the court considered only the question of the trial court's jurisdiction to have entertained the defendants' motion to vacate. Moreover, *People v. Santa*, 36 Ill. App. 3d 289, 343 N.E.2d 512, cited by the State, similarly is of little aid since there the State had in fact appealed the trial court's discharge order and therefore the court on appeal did not consider the issue here presented.

In the case at bar, following a hearing, the trial court originally found that defendant had been deprived of his statutory right to a speedy trial under section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)). Subsection (d) thereof provides that:

> "Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

In light of the policies which underlie the right to a speedy trial, it has been recognized that a dismissal of the charge and the right not to be tried

for the offense is the "only possible remedy" for a violation thereof. (*Barker v. Wingo* (1972), 407 U.S. 514, 522, 33 L. Ed. 2d 101, 92 S. Ct. 2182; *Strunk v. United States* (1973), 412 U.S. 434, 439-440, 37 L. Ed. 2d 56, 93 S. Ct. 2260.) Section 114—1(a)(1) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 114—1(a)(1)) provides the procedure by which an accused may enforce his statutory right to a speedy trial by obtaining a dismissal of the charge on that ground. It has long been held in Illinois that an order dismissing the charge and discharging the accused from custody or releasing him from the obligations of his bail "renders an accused immune from trial for 'the same offense' whether under the same or a new indictment." (*People v. Allen*, 368 Ill. 368, 377, 14 N.E.2d 397, 402, *cert. denied*, 308 U.S. 511, 84 L. Ed. 436, 60 S. Ct. 132; See also *Brooks v. People*, 88 Ill. 327; *People ex rel. Nagel v. Heider*, 225 Ill. 347, 80 N.E. 291.) This rule receives recognition in section 114—1(e) of the Code of Criminal Procedure, which indicates that a dismissal on speedy trial grounds bars trial in both future cases as well as the present case. An order, however, dismissing a charge on speedy trial grounds is an appealable order. (*People v. Petropoulos*, 34 Ill. 2d 179, 214 N.E.2d 765.) Under Supreme Court Rule 604(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)) the State has a right to appeal from such an order. *People v. Love*, 39 Ill. 2d 436, 235 N.E.2d 819.

■■ In the case at bar, defendant's motion for discharge on speedy trial grounds presented to the trial court mixed questions of law and fact. After a hearing on the merits of defendant's motion, during which the State had been present, the trial court entered an appealable order of discharge. The State chose not to appeal from that order but instead chose to readjudicate those same questions previously decided by the trial court. This was clearly error.

Once the trial court entered the appealable order of discharge, it was binding and conclusive of the matter which had been in controversy and it operated to preclude a readjudication thereof. *People v. Quintana*, 36 Ill. 2d 369, 223 N.E.2d 161; *People ex rel. MacMillian v. Napoli*, 35 Ill. 2d 80, 219 N.E.2d 489. Compare *People v. Taylor*, 50 Ill. 2d 136, 277 N.E.2d 878, with *People v. Kissane*, 347 Ill. 385, 179 N.E. 850.

In *People v. Quintana*, the defendant moved for a discharge on speedy trial grounds which the trial court granted at a preliminary hearing. Four days later the defendant was indicted for the same offense and he again filed a motion for a discharge. This motion was denied and the defendant was subsequently convicted. On appeal, the defendant contended that the prior unappealed order of discharge was res judicata at the subsequent proceeding. Our Supreme Court in reversing the defendant's conviction held that the trial court's original allowance of the defendant's motion "* * * was an appealable order [citations], and not subject to

later review by the trial judge. * * *[A] redetermination by the trial judge of the correctness of that ruling was improper." 36 Ill. 2d 369, 371-72.

That in *Quintana* the State obtained a readjudication of the issue by way of a new indictment does not distinguish *Quintana* from the instant case. The principle enunciated in *Quintana* applies with equal force regardless of whether the discharge order on speedy trial grounds is readjudicated under "the same or a new indictment." See *People v. Allen*, 368 Ill. 368, 377, 14 N.E.2d 397, 402, *cert. denied*, 308 U.S. 511, 84 L. Ed. 436, 60 S. Ct. 132, which was cited by the court in *Quintana*.

In the analogous case of *People ex rel. MacMillian v. Napoli*, 35 Ill. 2d 80, 219 N.E.2d 489, the defendant filed a pre-indictment motion to suppress evidence which was granted. Subsequently, the trial judge ruled that the suppression order was not binding at the criminal trial and the defendant brought a mandamus action in the Supreme Court to compel the trial judge to treat the order as binding. The court in awarding the writ stated:

> "The plain unambiguous language of section 114—12(b) [of the Code of Criminal Procedure] is that if a pretrial motion to suppress evidence is granted, the evidence suppressed under such order 'shall not be admissible in evidence against the movant at any trial.' If the People are not content with an order granting a motion to suppress, they have the right to appeal from such an order." (35 Ill. 2d 80, 81-82, 219 N.E.2d 489, 490-91.)

So too, the command of the law that where a speedy trial violation is found, the charge is to be dismissed and the accused is to be discharged and that once such an order is entered the accused is to be immune from trial for the same offense, is no less explicit than the law relating to the effect of an order suppressing evidence. In either situation, once there has been an adjudication of the defendant's motion and an appealable order has been entered, that order is binding in any subsequent proceeding in the trial court. The State's only remedy from such an order is by appeal; the State cannot "retry the issues therein decided." *People v. Taylor*, 50 Ill. 2d 136, 140, 277 N.E.2d 878, 881.

We therefore hold that the trial court committed reversible error by retrying the issue previously adjudicated. To so hold in a case such as this shields an accused from harassment and supports in full measure the immunity from trial which the law affords an accused found to have suffered a violation of his right to a speedy trial. Moreover, it prevents the State from circumventing the prohibition against a reindictment of an accused who has been discharged, which the State may otherwise be able to do by simply obtaining a readjudication of the matter. Lastly, it prevents the possibility of inconsistent judicial determinations of fact

while concomitantly it puts the parties to the task of presenting all the relevant facts and arguments in a single proceeding.

We, of course, express no opinion on the correctness of the original order of discharge since that question is not now before us. For the foregoing reasons we reverse the judgment of the circuit court of St. Clair County.

Reversed.

CARTER, P. J., concurs.

Mr. JUSTICE JONES, dissenting:

I readily agree with the conclusion of the majority that for 30 days after entry of the final judgment the court retained jurisdiction of the case and that the judgment was not "executed" when defendant was discharged and his bond deposit refunded. However, I disagree with the conclusion that the trial court, although retaining jurisdiction, could not set aside the order of discharge within the 30 day period and I accordingly respectfully dissent.

The majority apparently sees a conflict of two well-established legal principles and resolves the assumed dilemma by an overriding process whereby one rule is given precedence over the other. I see no conflict of principles and no need for an override; both principles should remain commensurate and without conflict.

Involved are, on the one hand, the ancient common-law rule that a court retains jurisdiction of its judgments and orders for 30 days after entry with the authority to set aside or amend as the justice of the case may require. On the other hand is the equally well established rule that if an accused is not brought to trial within 120 days from the date he was taken into custody, he must be discharged. This rule is established by a statute (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) which is an implementation of the constitutional guarantee of a speedy trial.

In finding a precedence for the 120-day rule the majority places emphasis upon the fact that an order dismissing a charge on speedy trial grounds is an appealable order. They have stated:

> "After a hearing on the merits of defendant's motion, during which the State had been present, the trial court entered an appealable order of discharge. The State chose not to appeal from that order but instead chose to readjudicate those same questions previously decided by the trial court. This was clearly error."

It is with this assumption that I believe the majority has erred.

It is of no consequence that the order which was set aside by the trial court in the exercise of its powers under the 30-day rule was a final and

appealable order or judgment. Section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)) expressly authorizes the trial court to set aside *any final order or judgment* upon any terms and conditions that shall be reasonable. The terms of section 50(5) of the Civil Practice Act have been held applicable to criminal cases (*People v. Green*, 34 Ill. App. 3d 153, 340 N.E.2d 58), but quite aside from the Civil Practice Act provision it has long been held in criminal cases that a final and appealable order or judgment in a criminal case can be amended under the 30-day rule. In *People v. Lance*, 25 Ill. 2d 455, 185 N.E.2d 221, the trial court did the same thing as the court whose order we now review, dismissed the indictment and later, but within 30 days, set the order of dismissal aside and proceeded with the prosecution. The supreme court upheld the action by reference to the "settled power of a common-law court over its judgments within term time." The court stated:

> "The duration of that power is today measured by a period of thirty days from the entry of the judgment, rather than by the expiration of a term of court, but the authority of the court during that period is the same as the historic common-law power of the court over its judgments during term time." (25 Ill. 2d 455, 456, 185 N.E.2d 221, 222.)

A large number of cases which stand for the same proposition are cited in *People v. Green* and need not be repeated here. In some cases, *e.g.*, *People v. Gulley*, 411 Ill. 228, 102 N.E.2d 650, the initial sentence was set aside within the 30-day period and a greater sentence subsequently imposed. The *Gulley* case makes it plain that the court has jurisdiction to do such under the 30-day rule.

As the majority states in this case, there was a readjudication of the order of discharge by the trial court and both questions of law and of fact were involved. That "readjudication" consisted of considering further evidence regarding which of the parties, the State or the defendant, had been responsible for delay of the trial beyond 120 days. However, such reconsideration by the court is well within the court's powers. It may set aside its orders or judgments within the 30 days and upon such being done it is the same as though those orders or judgments were never entered in the first instance—they simply become a nullity. *People v. Gulley*.

It should also be pointed out that the "readjudication" that occurred here was not upon the charge contained in the indictment and did not concern the merits of the case so as to invoke the doctrine of double jeopardy. The original order of discharge in this case was not an acquittal because defendant was never tried on the charge contained in the indictment. Under Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 2—1) "acquittal" means a verdict or finding of not guilty of an offense, rendered by a legally constituted jury or by a court of competent

jurisdiction authorized to try the case without a jury. "The concept of 'jeopardy' as incorporated in the applicable statute, section 3—4(a) of the Criminal Code, and the Federal and State constitutions, requires that the accused be on trial for the offense charged; that is, that he be present at a judicial proceeding aimed at reaching a final determination of his guilt or innocence of the offense charged." (*People v. Chatman*, 38 Ill. 2d 265, 270, 230 N.E.2d 879, 882.) Jeopardy attaches only when a trial is begun on the indictment. *People v. Santa*, 36 Ill. App. 3d 289, 343 N.E.2d 512.

When the original order of discharge for violation of the 120-day rule was set aside it became a nullity. In effect, it had never been determined by the court that the defendant had been denied a speedy trial in contravention of section 103—5 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5.) The court was acting with full jurisdiction and authority which it had under the "historic common-law power of the court over its judgments during term time." While the original order of discharge was appealable (*People v. Quintana*, 36 Ill. 2d 369, 223 N.E.2d 161; Supreme Court Rule 604 (Ill. Rev. Stat. 1973, ch. 110A, par. 604)), the State was not compelled to appeal, but chose instead to present additional factual material to the trial court by way of its motion to set aside the order of discharge filed within the 30 days. The action of the court in setting the order aside cannot be termed unreasonable. The rule cited by the majority (that after discharge for lack of speedy trial per section 103—5 of the Code of Criminal Procedure a defendant is immune from prosecution for the same offense) is in no way infringed. My critical difference with the majority view is that defendant has not been discharged until the order has become final and the court has lost jurisdiction, that is, after 30 days has expired following entry of the order, or a notice of appeal has been filed.

*People v. Quintana* relied upon by the majority is not in point for it in no way concerned the jurisdiction of a court to set aside its orders and judgments within 30 days. The crux of that opinion held that: "It is, of course, established law that once a defendant has been discharged because not accorded a speedy trial, he cannot be indicted anew for the same offense. [Citations.]" (36 Ill. 2d 369, 371.) Neither is *People ex rel. MacMillian v. Napoli* apt for the same reason. It was related to an order suppressing evidence. Both *Quintana* and *Napoli* held that the orders in question were final and appealable orders. Such fact has no bearing on the case under consideration since, after being set aside under the 30-day rule, there was no order that could be appealed.

The basis of the majority's distinction of *People v. Santa* is not sustained by the case. They stated that the State appealed the trial court's discharge order and therefore the court on appeal did not consider the issue here presented. The statement is only half true for, as the opinion in *Santa*

states: "This is an appeal by the State both from the allowance of defendant's motion for discharge and from the denial of the State's motion to vacate." (36 Ill. App. 3d 289, 293.) Thus, the *Santa* court did consider the precise question we have here and reached the opposite, and what I consider to be the correct, result.

I would affirm the trial court.