THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* THOMAS J. KONDO, Defendant-Appellee.

Fifth District    No. 77-18

Opinion filed August 4, 1977.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Keith P. Vanden Dooren, both of Illinois State's Attorneys Association, of counsel), for the People.

Mitchell & Armstrong, Ltd., of Marion, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of this court:

This is an appeal by the State from the judgment entered by the circuit court of Jackson County dismissing the charge of unlawful use of weapons filed against defendant, Thomas J. Kondo. The only question presented for review is whether the denial of a petition for revocation of probation collaterally estops the State from subsequently prosecuting the defendant for the offense which was the sole grounds for the petition.

From the record it appears that on October 30, 1975, defendant pled guilty in the circuit court of Williamson County to the offenses of aggravated assault, and battery for which offenses he received a sentence of probation. On January 7, 1976, defendant was charged with the instant offense; "* * * in that he did knowingly carry concealed on his person, a .22-caliber automatic pistol * * *." On February 20, 1976, a petition for revocation of probation was filed in the circuit court of Williamson County alleging the commission of the instant offense as the sole grounds therefore. A hearing was held on the petition on August 13, 1976, wherein evidence was presented consisting of the purported weapon and the testimony of two witnesses. The defense theory was that defendant was transporting the weapon broken down in a nonfunctioning state. Following the hearing the court denied the petition upon the finding that the weapon had been broken down into a nonfunctioning state. (Ill. Rev. Stat. 1975, ch. 38, par. 24—2(b)(4).) Subsequently, defendant moved to dismiss the instant charge with prejudice claiming res judicata. At a

hearing on the motion before the trial court, the parties agreed that the only disputed factual issue in the case was whether the weapon was in a nonfunctioning state so that "the weapon was, in fact, not a weapon." The State argued that it was not bound by the Williamson County circuit court's prior finding on this issue. The trial court, however, ruled that since the issue had been tried and determined upon the merits in the Williamson County revocation of probation hearing, such was binding upon the trial court and accordingly the court granted defendant's motion.

On appeal, the State contends that the finding at the probation revocation hearing was not a final judgment and was not binding in the subsequent criminal proceeding under any of the theories of collateral estoppel, res judicata or double jeopardy. More precisely, we narrow our focus upon the theory of collateral estoppel.

■■ It has been held that the State may both seek to revoke a defendant's probation and seek a criminal conviction based on the same conduct. (*People v. Howell*, 46 Ill. App. 3d 300, 360 N.E.2d 1212, *People v. Warne*, 39 Ill. App. 3d 894, 350 N.E.2d 836.) As we stated in *Howell*:

> "A sentence imposed upon revocation of probation is not considered punishment for the offense which led to the revocation proceedings, but for the original crime. Thus there is no question of double jeopardy, or of being punished twice for the same offense." (46 Ill. App. 3d 300, 302, 360 N.E.2d 1212, 1213.)

The question arising here, however, is whether, if the result of probation revocation proceeding is inconsistent with the charge of the subsequent offense, may not defendant be aided by the doctrine of collateral estoppel?

In *Ashe v. Swenson*, 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194, the court stated:

> " 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." See also *People v. Haran*, 27 Ill. 2d 229, 188 N.E.2d 707; *People v. Williams*, 59 Ill. 2d 557, 322 N.E.2d 461.

In *People v. Grayson*, 58 Ill. 2d 260, 319 N.E.2d 43, *cert. denied*, 421 U.S. 994, 44 L. Ed. 2d 484, 95 S. Ct. 2001, our supreme court applied collateral estoppel where the defendant was first acquitted of the charge of armed robbery but his probation was subsequently revoked based on the commission of the same offense. The court found that the only disputed issue in the criminal trial and the probation revocation proceedings was the identity of the robbers and that the acquittal of the

defendant at the prior trial was a determination that he was not one of the robbers. In reversing the revocation of the defendant's probation, the court held:

> "While the differences between a criminal trial and a probation revocation hearing are substantial * * * we believe those differences cannot fairly serve to permit relitigation of the identical issue upon the same evidence. (*People v. Armstrong*, 56 Ill. 2d 159.) Although proceedings may be civil in form, they may be criminal in nature [citation], and the individual facing probation revocation may lose his liberty just as swiftly and surely as a defendant in a criminal case. We accordingly hold the principle of collateral estoppel applies in the circumstances present here." 58 Ill. 2d 260, 264-65, 319 N.E.2d 43, 45-46; see also Annot., 76 A.L.R.3d 564, 569 (1977).

In the instant case, the State contends that the facts are sufficiently distinguishable from *Grayson* that collateral estoppel cannot be similarly applied. The distinction urged by the State is that, in the case at bar, the court's finding at the prior probation revocation hearing did not result in the conviction or acquittal of defendant of the offense and therefore, the State argues, that determination was not a final judgment binding on the issue adjudicated. We find no merit to the State's contention.

■■■ It is not the form that the prior adjudication assumes, but the substance of the prior adjudication which is determinative of whether collateral estoppel may be properly applied. As stated in 46 Am. Jur. 2d *Judgments* §457 (1969):

> "The doctrine of collateral estoppel does not require a judgment which ends the litigation and leaves nothing for the court to do but execute the judgment, but includes many dispositions which, though not final in that sense, have nevertheless fully litigated the issue."

Thus in Illinois, the doctrine of collateral estoppel has been applied to adjudications other than judgments of conviction or acquittal. Generally, so long as an issue of ultimate fact has been finally and conclusively determined on its merits, collateral estoppel will bar the relitigation of that issue based on the same evidence. *People v. Armstrong*, 56 Ill. 2d 159, 306 N.E.2d 14 (cited in *Grayson* and involving a motion to suppress evidence); *People v. Taylor*, 50 Ill. 2d 136, 277 N.E.2d 878 (same); *People ex rel. MacMillian v. Napoli*, 35 Ill. 2d 80, 219 N.E.2d 489 (same); *People v. Williams*, 59 Ill. 2d 557, 322 N.E.2d 461 (motion to suppress a confession); *People v. Quintana*, 36 Ill. 2d 369, 223 N.E.2d 161 (motion for discharge on speedy trial grounds); *People v. Heil*, 49 Ill. App. 3d 55, 364 N.E.2d 966 (same).

■■ In the case at bar, the result of the probation revocation hearing

was a "final determination of the charge." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(a).) On the basis of the evidence presented, the court made a finding on the only disputed question of fact involved—whether the weapon was broken down in a nonfunctioning state. At any future probation revocation hearing based on the same charged violation, the findings of the court would be conclusive upon the prosecution absent any new or additional evidence. (*People v. Lampkins*, 28 Ill. App. 3d 254, 328 N.E.2d 106; see also *Woods v. State* (Okla. Crim. App. 1974), 526 P. 2d 944.) So too, under the doctrine of collateral estoppel, the State is barred from seeking a relitigation, upon the same evidence, at a criminal trial, of the issue that had been conclusively determined on its merits at the prior probation revocation hearing. The State's reliance in this regard upon *People v. Harkness*, 34 Ill. App. 3d 1, 339 N.E.2d 545, is misplaced. In *Harkness*, the court held that a prior finding of no probable cause at a preliminary hearing does not bar a subsequent probation revocation based on evidence of the same offense. However, an order releasing an accused for want of probable cause, unlike the final determination in the instant case, is not conclusive upon the prosecution. *People v. Kent*, 54 Ill. 2d 161, 205 N.E.2d 710.

■■ It should be noted that if the State had proven the charged violation of probation, defendant would still have retained his rights to a jury trial, to be proven guilty beyond a reasonable doubt and the like, before he could be criminally convicted of the offense. Whereas, under our holding, the State, having failed to prove the issue of ultimate fact at the probation revocation hearing, is now estopped from relitigating that issue on the same evidence at a criminal trial. However, that estoppel, in this regard, is not mutual, is of no import. (See Annot., 9 A.L.R.3d 203, 238 (1966).) Under the Federal and State constitutions and the laws of this State, a defendant is afforded particular rights shielding him from prosecution by the State and hence, a defendant and the State do not stand on the same plane of equality as do litigants in a civil proceeding. The State argues that it should not be bound at a subsequent criminal trial by the final determination of the court at a prior probation revocation hearing since, at that prior hearing, the defendant was not afforded the full measure of his rights. In so arguing, the State seeks to use defendant's rights as a sword against him. As previously noted, the court in *Grayson* stated:

> "While the differences between a criminal trial and a probation revocation hearing are substantial * * * we believe those differences cannot fairly serve to permit relitigation of the identical issue upon the same evidence." ( 58 Ill. 2d 260, 264-65, 319 N.E.2d 43, 45.)

In *Grayson*, the State, having failed to meet the stringent standards of

criminal trial, was denied the opportunity of relitigating the issue under the less stringent standards of a probation revocation hearing. It follows then that in the instant case, the State, having elected to first prosecute defendant by way of a probation revocation hearing and having failed to meet the less stringent burden thereof, should now be barred from attempting to relitigate the identical issue upon the same evidence under the more stringent standards of a criminal trial.

Accordingly, we affirm the judgment entered by the circuit court of Jackson County dismissing the charge of unlawful use of weapons filed against the defendant.

Affirmed.

G. J. MORAN and KARNS, JJ., concur.