(No. 49748.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. STERLING HEIL, Appellee.

*Opinion filed May 16, 1978.*

KLUCZYNSKI, J., took no part.

William J. Scott, Attorney General, of Springfield, and Clyde L. Kuehn, State's Attorney, of Belleville (Donald B. Mackay and Melbourne A. Noel, Assistant Attorneys General, of Chicago, and James E. Hinterlong and Linda M. Vodar, of the State's Attorneys' Appellate Service Commission, of Ottawa, of counsel), for the People.

Michael J. Rosborough, Deputy Defender, and John H. Reid, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of St. Clair County, defendant, Sterling Heil, was convicted of the offense of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)), sentenced to three years' probation and fined $500. The appellate court reversed (49 Ill. App. 3d 55), and we allowed the People's petition for leave to appeal.

The indictment upon which defendant was tried was returned on February 7, 1974, and on February 28, 1974, defendant made a demand for speedy trial (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)). On October 23, 1974, defendant filed, and the circuit court allowed, a "petition for discharge based on statutory right for speedy trial." On the following day the People filed a motion "to set aside and expunge order granting defendant's petition for discharge." On October 25, 1974, defendant's bail was discharged and the circuit clerk issued a check refunding the bail deposit to defendant's attorney. Following a hearing held on October 29, 1974, the circuit court allowed the People's motion, vacated its original order, and set the case for trial.

In reversing the judgment, the appellate court held that although at the time when it considered the People's motion to vacate the order of discharge the circuit court had jurisdiction over the subject matter, that "Once the trial court entered the appealable order of discharge, it was binding and conclusive of the matter which had been in controversy and it operated to preclude a readjudication thereof." 49 Ill. App. 3d 55, 60.

The People contend that for a period of 30 days following the entry of its order the circuit court was vested with plenary power to vacate, modify or reconsider that order. It argues that although, concededly, the order discharging defendant was appealable, public policy

"favors the correction of errors at the trial level."

Defendant contends that the hearing on the People's motion resulted in a retrial and readjudication of the issues decided by the original order and that the People, rather than filing a motion to set aside the order discharging defendant, should have sought appellate review. He argues that the People "either declined or neglected to present all its evidence and case law" at the time of the original hearing and that the piecemeal approach followed here "is both repugnant to the efficient administration of justice and fundamentally unfair to the defendant." Alternatively, defendant argues that "the trial court lacked the power to vacate its discharge order where it had previously been executed in its entirety."

The relevant statutes, and the rules promulgated by this court, demonstrate the intent that in criminal as well as civil matters the circuit court be given the opportunity to reconsider final appealable judgments and orders within 30 days of their entry. (See, *e.g.,* Ill. Rev. Stat. 1977, ch. 38, pars. 116—1, 116—2, 1005—8—1(d); 58 Ill. 2d Rules 604(d), 605(b), 606(b).) We have examined the authorities cited by defendant in support of his contention that the only avenue open to the People was that of appeal, and find them clearly distinguishable. In none of these cases did the court consider the question presented here. *People v. Taylor* (1971), 50 Ill. 2d 136, involved an indictment based upon the same circumstances and evidence concerning which an order had previously been entered quashing a search warrant and suppressing evidence. *People ex rel. MacMillian v. Napoli* (1966), 35 Ill. 2d 80, involved a situation factually similar to *Taylor,* and *People v. Quintana* (1967), 36 Ill. 2d 369, involved a later reindictment for the same offense for which the defendant had previously been discharged for failure to accord him a speedy trial. We find nothing in these cases which would support the contention that a party entitled to appeal

from an order entered by the circuit court should be deprived of the opportunity to seek correction of the alleged error by means of a motion timely filed in the circuit court.

Defendant's alternative argument is based on the contention that because the order of discharge "had previously been executed in its entirety" the circuit court was without jurisdiction to vacate it. It is true that in earlier decisions of this court it was held that when a judgment had been "executed," the court was without power to set it aside even within the 30-day period during which it admittedly had jurisdiction to review and modify its orders. (See *People v. Lance* (1962), 25 Ill. 2d 455, 456; *People v. Wakeland* (1958), 15 Ill. 2d 265, 269.) This rule was first enunciated in *People ex rel. Lucey v. Turney* (1916), 273 Ill. 546. Although at that time the statutes provided for the filing of a motion for new trial (Hurd's Rev. Stat. 1913, ch. 110, par. 81) and to set aside a judgment (Hurd's Rev. Stat. 1913, ch. 110, par. 58), the court, observing that it was unable to find that "the precise question" had previously been decided, held that because the judgment had been executed, the trial court was without power to vacate it. The court said:

"The respondent bases the right to vacate the judgment, where motion to vacate has been made during the term and continued, upon the general proposition that a court of record has power, during the term at which a judgment is entered, to vacate such judgment. It is true that under the common law the court had complete control over its records during the term, and, as a general rule, it might revoke or alter judgments or substitute new judgments in the place of those theretofore rendered, and section 58 of our Practice act provides that the court may, in its discretion, during the term, set aside any judgment upon

good and sufficient cause, upon affidavit, upon such terms and conditions as shall be deemed reasonable. It is insisted that this rule applies to judgments in criminal cases as well as in civil cases. The rule does apply in criminal cases the same as in civil cases so long as the judgment remains unexecuted. The common law rule was founded upon the theory that no judgment became final until the adjournment of the term, as the roll was not completed and signed until that time, and until the roll was completed and signed all matters remained in the breast of the court. Under the practice in this State it is customary, upon the completion of a criminal trial wherein a verdict of guilty is returned, to enter judgment at once, to pass sentence upon the defendant and to issue a warrant or *mittimus* to the proper officer in cases where imprisonment is a part of the sentence. When the cause has been thus concluded and the prisoner has been committed to the custody of the proper officer of the penitentiary or reformatory the jurisdiction of the trial court ceases, first, because the defendant has entered upon the execution of his sentence; and second, because the court has lost jurisdiction of the person of the defendant." (273 Ill. 546, 553-54.)

The rationale for this holding was that the defendant, charged with a felony, had a "constitutional and common law right" to appear in person at the hearing on the motion to vacate the judgment, and that if he insisted upon the right, the superintendent of the prison where he was incarcerated, being bound to keep him there, had no power to release him or produce him in court for that purpose. (But see *People v. Berry* (1967), 37 Ill. 2d 329, 334, holding that defendant has no constitutional right to

be present at the argument on a post-trial motion.) Whether the rationale of *Turney* continues to be valid we need not and do not decide for the reason that defendant was not incarcerated, and clearly there was no impediment to his being present at the time of the hearing on the People's motion.

We conclude that the circuit court did not err in considering the People's motion filed within 30 days of the entry of its original order. The question whether the original order of discharge was correctly entered was not before the appellate court, is not before this court, and we do not decide that question. Defendant has made no other assignments of error either in the appellate court or in this court. For the reasons stated the judgment of the appellate court is reversed and the judgment of the circuit court affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.