(No. 40306.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ROSALIE CHATMAN, Appellant.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

WARD, J., took no part.

GETER & GETER, of Chicago, (HOWARD D. GETER, SR. and HOWARD D. GETER, JR., of counsel.)

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Rosalie Chatman, was indicted in the circuit court of Cook County for the crime of gambling. (Ill. Rev. Stat. 1965, chap. 38, par. 28—1(a)(8)). Her pretrial motions to bar her prosecution because of former jeopardy, to quash the search warrant, and to suppress evidence were denied. She waived jury trial, was convicted and fined $1,000.

The evidence adduced established that on September 1, 1965, Chicago police detective Robert Beavers appeared before one of the judges of the circuit court of Cook County and swore out a complaint for a search warrant for a certain described woman and the premises located at

4620 S. Evans Avenue in Chicago. The complaint stated that on August 31, 1965, an informant who had proved reliable in the past told Beavers that he could make policy bets in the basement apartment at the Evans Avenue address. As a result of this "tip", Beavers commenced a surveillance of the premises and counted eleven persons entering and leaving in a period of some forty-five minutes. Later that day Beavers searched the informer and found that he had neither money nor any policy paraphernalia upon his person. He gave the man one dollar and saw him enter the premises and return later with bet and result tickets for four of the city's better known policy wheels. These tickets were attached as exhibits to the complaint. As a result of this complaint a warrant issued describing the premises to be searched and the woman who had taken the informant's wager.

Pursuant to this warrant, Beavers and several other officers went to the Evans Avenue address, knocked and were admitted by Jimmy Ruffin. Defendant was found in the apartment seated at a table which was covered with policy result tickets, pads, various other forms of writing and a sum of United States currency. She was arrested and charged with violating section 28—1(a)(8). A hearing was had before a magistrate resulting in her being held to the Cook County grand jury and indicted.

At trial on the indictment, defendant presented no evidence, apparently relying upon her pretrial motions to bar the action because of alleged former jeopardy, quash the search warrant and suppress evidence. From their denial and her resultant conviction she appeals, contending that these motions were improperly overruled, that she was not proved guilty beyond a reasonable doubt, and that the court lacked jurisdiction to impose the $1,000 fine.

Defendant's contention that the prosecution on the indictment was barred by former jeopardy is premised on her claim that the magistrate had authority to dispose of her

case, and that the hearing before him constituted such trial on the issue of her guilt as to place her in jeopardy for the offense charged.

We consider first defendant's claim that the magistrate had authority to dispose of her cause. Section 8 of article VI of the Illinois constitution provides that the General Assembly "shall limit or define the matters to be assigned to magistrates." Section 4 of the act relating to magistrates provides that criminal and quasi-criminal proceedings assignable to magistrates are: "(a) misdemeanor and quasi-criminal actions in which the maximum punishment authorized by law does not exceed a fine of $1000 or imprisonment for one year in the county jail or municipal house of correction, or both; * * * (d) proceedings for the preliminary examination to determine probable cause * * *." The penalty prescribed for an offense is therefore determinative of the magistrate's authority for disposition.

Some confusion is occasioned here, however, since the legislature in its 1965 session passed two amendments to section 28—1 of the Criminal Code (Ill. Rev. Stat. 1963, chap. 38, par. 28—1), one on April 21, the other on April 23. The first amendment (House Bill No. 274, approved April 21, 1965) changed only the penalty provision of section 28—1, subsection (c) which had provided that "A person convicted of gambling shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both." The amendment prescribed that "A person convicted of gambling under any of subsections (a)(3) through (a)(10) of this section shall be fined not to exceed $5,000, or imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to five years, or both fined and imprisoned." The second amendment (House Bill No. 148, approved April 23, 1965) repeated the old provisions of section 28—1 but amended subsection (a)(5) and added a new subsection (d), providing that "circum-

stantial evidence be given the same validity and weight" in prosecutions under section 28—1 "as in any criminal prosecution." Since the second amendment left the penalty provisions of section 28—1 unchanged, it is defendant's contention that this amendment, being later in time, repealed the new penalty provisions set forth in the first amendment.

In *People ex rel. Martin* v. *Village of Oak Park,* 372 Ill. 488, we stated at p. 490: "A general rule of construction is that if an act or section of an act be amended, and the amendment does not entirely repeat the original act or section, such portions not repeated are repealed without any specific expression for that purpose. The omitted portion cannot be legislated into existence by judicial construction. The portions of the old act or section retained, either literally or substantially in the amendment, are regarded as a continuation of the old law and not a new enactment. [Citing cases.] Another well-recognized rule which should be used in construing both amendatory acts of 1935 is that two acts passed at the same session of the legislature are not to be construed as inconsistent, if it is possible to construe them otherwise; but when it is impossible to give effect to both acts, the later one in point of time will prevail."

There is no difficulty in reconciling these two amendatory acts. The first amendment changes only the penalty provisions of section 28—1 while the second amends subsection (a)(5) and adds a provision concerning the evidentiary value to be accorded circumstantial evidence. As such, these alterations do not reflect conflicting legislative intent, and it is possible to give effect to both. (See *People* v. *Lloyd,* 304 Ill. 23, 101—3.) Therefore, the increased penalty provisions of the first amendment (House Bill No. 274) are in effect and applying section 4 of the Act relating to magistrates it is apparent that the magistrate herein had no authority to try defendant's cause.

Assuming *arguendo* that the magistrate had dispositive authority to try the cause, defendant's contention that the

instant prosecution was barred by former jeopardy could not prevail. The concept of "jeopardy" as incorporated in the applicable statute, section 3—4(a) of the Criminal Code, and the Federal and State constitutions, requires that the accused be on trial for the offense charged; that is, that he be present at a judicial proceeding aimed at reaching a final determination of his guilt or innocence of the offense charged. It is manifest from an examination of the transcript of the proceedings before the magistrate, that the sole purpose of those proceedings, as was understood by all parties concerned, was to determine if probable cause existed for holding defendant to the grand jury. Consequently, defendant was in no manner put in "jeopardy" for the offense charged as contemplated by the State and Federal constitutions and section 3—4(a) of the Criminal Code.

We cannot agree with defendant's next contention that her motion to quash the search warrant and suppress the evidence obtained thereby should have been sustained since the warrant was issued without a showing of probable cause in violation of her rights under the State and Federal constitutions. In his affidavit the complaining officer recited the information he had received from an informant, who had proved reliable in the past, concerning the gambling operation conducted on the premises in question. This information was further supported by the officer's sworn account of his surveillance of the premises and the informant's obtainment of the policy writings which were attached to the complaint. We hold that probable cause for the issuance of the warrant was shown within the applicable constitutional dictates. See *People* v. *Williams,* 36 Ill.2d 505.

In support of her contention that she was not proved guilty beyond a reasonable doubt, defendant argues that the policy writings seized by the police and introduced into evidence against her at trial did not constitute a violation under the applicable statute, section 28—1(a)(8), and that the

trial court did not consider these writings as items prohibited by that statute. Section 28—1(a)(8) provides that "A person commits gambling when he * * * Sets up or promotes any policy game or sells, offers to sell or knowingly possesses or transfers any *policy ticket or other similar device.*" [Emphasis ours]. While the policy writings in this case were apparently not "policy tickets" in the literal sense of the term, counsel stipulated that the arresting police officer was an expert who knew the nature of the items seized and that they were, in fact, gambling paraphernalia. The record therefore clearly indicates that these writings were gambling devices within the ambit of section 28—1 (a)(8), that the trial court was aware of this fact and that any confusion it might have had concerning the exact purpose served by each item was irrelevant to the issue of defendant's guilt. We find that defendant was proved guilty beyond a reasonable doubt.

As a corollary to her earlier claim that the magistrate had jurisdiction to dispose of her cause, where she argued that the provisions of the second amendment to section 28—1 (House Bill No. 148) control this cause, defendant recites the penalty provisions of that amendment, limiting the fine to a maximum of $500, and concludes that the trial court was without jurisdiction to impose the $1000 fine. Since we have held that the penalty provisions of the first amendment to section 28—1 (House Bill No. 274) are in effect, it is apparent that the trial court had jurisdiction to impose the $1000 fine.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.