**People of the State of Illinois, Plaintiff-Appellee,
v. John Eubanks, Defendant-Appellant.**

**Gen. No. 53,815.**

First District, Fourth Division.

December 10, 1969.

Geter & Geter, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant was indicted for the offense of gambling in violation of Ill Rev Stats 1967, c 38, § 28–1(a)(5).* The defendant waived a trial by jury. He was found guilty by the presiding magistrate and was sentenced to pay a fine of $200 and was placed on probation for two

---

\* Ill Rev Stats 1967, c 38, § 28–1(a)(5):

  (a) A person commits gambling when he:

    (5) Knowingly owns or possesses any book, instrument or apparatus by means of which bets or wagers have been, or are, recorded or registered;

The penalty is set out in Ill Rev Stats 1967, c 38, § 28–1(c) which provides in part:

  A person convicted of gambling under any of subsections (a) (3) through (a)(10) of this Section shall be fined not to exceed $5,000 or imprisoned in a penal institution other than the peniten-

\* See Callaghan's Illinois Digest, same topic and section number.

434

years, the first sixty days to be served in the House of Correction.

The defendant does not challenge the sufficiency of the evidence that resulted in his conviction. His sole contention on appeal is that under the provisions of Ill Rev Stats 1967, c 37, § 624, the magistrate did not have jurisdiction to try him for an offense where the possible penalty for conviction exceeded a fine of $1,000 or imprisonment for more than one year. The record does not indicate any objection by defendant to the assignment of the case to a magistrate for trial.

In support of his contention the defendant cites People v. Chatman, 38 Ill2d 265, 230 NE2d 879. However, the recent decision of People v. Wexler, 116 Ill App 2d 400, disposes of defendant's contention. In Wexler the defendant was tried and found guilty by a magistrate for the offense of gambling in violation of Ill Rev Stats 1967, c 38, § 28–1(a)(5), which is the same violation as in the instant case. On appeal Wexler alleged that the magistrate who heard the case did not have jurisdiction to try or sentence him and cited Chatman. Our court distinguished Chatman and found that the question was one of assignment rather than jurisdiction; that since defendant made no objection to the assignment of the case to a magistrate, he waived his right to be heard by a judicial officer other than a magistrate and is bound by the judgment.

We find a further reason for distinguishing Chatman. Although the Supreme Court stated at page 268 that "[t]he penalty prescribed for an offense is therefore determinative of the magistrate's authority for disposition," yet it further stated at page 270:

It is manifest from an examination of the transcript of the proceedings before the magistrate, that the sole purpose of those proceedings, as was under-

---

tiary not to exceed one year or in the penitentiary from one to 5 years, or both fined and imprisoned.

stood by all parties concerned, was to determine if probable cause existed for holding defendant to to the grand jury.

The specific issue decided by the court was that a preliminary examination to determine probable cause was not a basis for defendant's claim of double jeopardy. Since the proceeding in Chatman was only a preliminary examination, the magistrate had been properly assigned to conduct it. (Ill Rev Stats 1967, c 37, § 624.) Therefore we cannot subscribe to defendant's contention that Chatman held that a magistrate's authority for disposition is necessarily determined by the penalty for the offense.

Our conclusion applies as well to People v. Webb, 39 Ill2d 146, 233 NE2d 865, in which the court determined that a preliminary hearing before a magistrate did not place defendant in jeopardy in relation to a claim of double jeopardy as a subsequent trial.

The judgment is affirmed.

Affirmed.

ENGLISH and LEIGHTON, JJ., concur.