THE PEOPLE *ex rel.* PAUL BAYKOWSKI, Petitioner-Appellant, *v.* ELZA BRANTLEY, Warden, Illinois State Penitentiary at Menard, Respondent-Appellee.

(No. 72-52; )

Fifth District—April 6, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (Edith L. James, of counsel,) for appellant.

William J. Scott, Attorney General, of Chicago, (James B. Zagel and E. James Gildea, Assistant Attorneys General, of counsel,) for appellee.

PER CURIAM:

Appellant was indicted for murder, and was sentenced in 1966 to a term of imprisonment in the penitentiary after a jury verdict finding him guilty of voluntary manslaughter. Associate Judge Dorothy Spomer presided over the proceedings and pronounced sentence. Appellant filed a petition for writ of *habeas corpus* in Randolph County, the county in

which he was being held. The petition was denied after argument. The petition was, and the appeal is, based on an alleged lack of jurisdiction in the trial court.

Appellant claims that Judge Spomer did not, under Chapter 37, Section 626, Ill. Rev. Stat., have authority to preside over this criminal action, in which the maximum possible penalty exceeded one year's imprisonment. Appellant also cites the Schedule for Transition to Article VI of the Constitution of 1870 as amended in 1964 which abolished the office of Justice of the Peace and transferred the duties of justices of the peace to the circuit courts. The Schedule also provided for decision at a later date concerning limitations on the powers of those who would handle the cases formerly handled by justices of the peace. In 1970, the new constitution created the office of associate judge, with limited jurisdiction, and Supreme Court Rule 295 (Ill. Rev. Stat. ch. 110A, par. 295), denied associate judges jurisdiction over serious criminal cases.

■■ Appellant misapprehends the process of change between the old constitution and the new and the meanings of "associate judge" under the two systems. Pre-1970 magistrates, whose jurisdiction was limited by statute, became associate judges under the Constitution of 1970; pre-1970 *associate* judges became circuit judges. While the magistrate's powers were limited, the pre-1970 associate judges, including Judge Spomer in 1966, had all the power and responsibility of circuit judges. Illinois Constitution, 1870, art. VI, sec. 9 (as amended January 1, 1964); *People ex rel. MacMillian v. Napoli*, 35 Ill.2d 80, 219 N.E.2d 489.

■■■ Supreme Court Rule 295 outlines the jurisdiction of the new associate judges (formerly magistrates) and in no way alters the jurisdiction of the *old* associate judges (now circuit judges). While it is true that a magistrate in 1966 would not have had jurisdiction over appellant's case, Judge Spomer was a competent and qualified associate judge and possessed full and unfettered power to preside over appellant's trial and pronounce sentence.

For the foregoing reasons, the judgment of the Circuit Court of Randolph County denying appellant's petition for *habeas corpus* relief is affirmed.

Affirmed.