THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRUCE HARGRAVES, Defendant-Appellant.

(No. 74-258;

Fifth District—April 29, 1975.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert E. Murphy, State's Attorney, of Waterloo (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Monroe County, Illinois, entered after a plea of guilty to unlawful possession of a controlled substance, in violation of section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. ch. 56½, § 1402(b)). The plea of guilty was accepted by an associate judge of the 20th Judicial Circuit.

The determinative issue in this case is whether an associate judge is authorized to accept a plea of guilty to a felony charge. Supreme Court Rule 295 (50 Ill.2d § 295) authorizes an associate judge to "hear and determine any matters except the *trial* of criminal cases in which the defendant is charged with an offense punishable by imprisonment for more than one year." (Emphasis added.) Since the defendant was charged with an offense punishable by imprisonment for more than 1 year, it is apparent that the associate judge was not authorized to accept defendant's plea of guilty if these acts amounted to a "trial" within the meaning of Rule 295.

As explained in the Committee Comments to Rule 295 (50 Ill.2d R. 295), the restriction against assignment of the trial of major criminal cases does not prevent assignment of an associate judge to conduct proceedings other than the trial of such cases. In attempting to determine precisely which judicial proceedings an associate judge is entitled to hear, it is helpful to examine the kinds of proceedings a pre-1970 Illinois magistrate would have been authorized to hear. In *People ex rel. Baykowski v. Brantley*, 10 Ill.App.3d 939, 295 N.E.2d 254 (1973), the court stated that the actual difference between a pre-1970 magistrate and a post-1970 associate judge was a matter of title only. In that case, the court dismissed without merit the argument that a pre-1970 associate judge lacked authority to preside over a criminal action in which the maximum possible penalty exceeded 1 year's imprisonment. In so doing, the court stated:

"Pre-1970 magistrates, whose jurisdiction was limited by statute, became associate judges under the Constitution of 1970; pre-1970 *associate* judges became circuit judges. While the magistrate's powers were limited, the pre-1970 associate judges \* \* \* had all the power and responsibility of circuit judges." (10 Ill.App.3d 939, 940, 295 N.E.2d 254, 255.) This statement, while not specifically addressed to the issue in the instant case, seems to indicate that the change brought about by the Constitution of 1970 was one of title only.

The foregoing case takes on additional importance when it is construed in light of the transition schedule of the 1970 Constitution of Illinois. There, in section 4, Judicial Officers, it is stated under (a):

"On the effective date of this Constitution, Associate Judges and magistrates shall become Circuit Judges and Associate Judges, respectively, of their Circuit Courts. All laws and rules of court theretofore applicable to Associate Judges and magistrates shall remain in force and be applicable to the persons in their new offices until changed by the General Assembly or the Supreme Court, as the case may be."

It is clear from the above quote that post-1970 associate judges would be treated exactly as pre-1970 magistrates had the jurisdiction of this position remained unchanged. The question then becomes whether the language of Rule 295 has sufficiently altered the previous authority and jurisdiction applicable to magistrates so that restrictions binding on magistrates are not pertinent to the actions of post-1970 associate judges.

Previously, section 4 of "An Act to limit or define matters to be assigned to magistrates" (Ill. Rev. Stat. 1969, ch. 37, § 624 (now repealed)) governed criminal proceedings assignable to magistrates. It allowed the following to be assigned:

"(a) misdemeanor and quasi-criminal actions in which the maximum punishment authorized by law does not exceed a fine of $1,000 or imprisonment for one year in the county jail or municipal house of correction, or both;

(b) proceedings to prevent the commission of crimes;

(c) proceedings pertaining to warrants for arrest or for searches and seizures; and

(d) proceedings for the preliminary examination to determine probable cause, commitment prior to trial or the release on bail of persons charged with criminal offenses."

Since the only actual difference between Rule 295 and prior section 4 is the $1,000 fine provision, we conclude that the probable intendment was to maintain for associate judges the body of authority previously applicable to magistrates.

■■ Proceeding on the theory that restrictions binding on magistrates are similarly binding on post-1970 associate judges, it is necessary to review pertinent case law. In *People v. Rinks*, 80 Ill.App.2d 152, 224 N.E.2d 29 (1967), a magistrate dismissed two felonies and one misdemeanor against the defendant for want of prosecution. In holding that the dismissal did not bar subsequent indictment on felony charges, the court stated that "[t]he magistrate had no jurisdiction over the felony charges; could not accept a plea to them, and, could enter no final orders or judgments." 80 Ill.App.2d 152, 157.

There is an absence of Illinois authority as to whether acceptance of a guilty plea and entering a sentence thereon amounts to a "trial." Other jurisdictions, though, have answered this question in the affirmative. In *State ex rel. Eastman v. Burke*, 28 Wis. 2d 170, 136 N.W.2d 297 (1965), the court considered the meaning of the word "trial" in the context of a statute providing procedures for conducting a new trial and concluded that a plea of guilty was included within the term. In so holding, the court reviewed decisions from a number of other jurisdictions.

While no Illinois cases have addressed this issue directly, the likely position of the courts can be ascertained from a close reading of various cases. Notable among these authorities is *People v. Chatman*, 38 Ill.2d 265, 230 N.E.2d 879 (1967). There the defendant was arrested pursuant to warrant and, after a hearing before a magistrate, was bound over to the grand jury which indicted her for the crime of gambling. At trial the defendant alleged that she had already been in jeopardy before a magistrate who had power to convict her. The Illinois Supreme Court held that the magistrate had no "authority" to dispose of her case since the offense carries penalties in excess of those which could be heard by a magistrate. In reaching its conclusion the court stated that: "The penalty prescribed for an offense is therefore determinative of the magistrate's *authority* for *disposition*." (Emphasis added.) (38 Ill.2d 265, 268.) The logical interpretation of such a statement is that a magistrate could not "dispose" of felony matters.

Furthermore, the court in *People v. Rinks* seemed to place emphasis on the dispositional nature of proceedings forbidden to a magistrate when it stated that the magistrate "had no jurisdiction over the felony charges; could not accept a plea to them, and could enter no final orders or judgments." 80 Ill.App.2d 152, 157.

■■ Appellant contends in his supplemental brief that the common link between a "trial" and accepting a plea of guilty is a "conviction." While this may be one common factor, the "dispositional" element appears more crucial. It pervades the entire notion of a trial, including both conviction and acquittal. The key is whether the acts of the judicial officer

in question were such as to bring about an end to the matter. "Disposition" would seem to include pleas of guilty which provide such a termination of the matter on its merits; whereas a plea of not guilty, being preliminary and nondispositional, would be within the power of the associate judge. This view is entirely consonant with the Committee Comments to Rule 295 (50 Ill.2d R. 295), which point out that the restriction against the assignment of the trial of major criminal cases does not prevent an assignment of an associate judge to conduct proceedings other than the trial in such cases.

While other issues were raised on this appeal, in light of our disposition, it will not be necessary to consider those issues.

For the foregoing reasons, the judgment of the Circuit Court of Monroe County is reversed.

Judgment reversed.

G. MORAN and KARNS, JJ., concur.