THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN GRANT, JR., Defendant-Appellant.

Second District   No. 78-395

Opinion filed November 1, 1979.

674

Jack Donahue, of Donahue and Duffy, of Oak Brook, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant, John Grant, Jr., appeals from an order vacating a previous order which had terminated his probation.

Defendant was placed on five years' probation in September of 1976 upon his pleading guilty to the offense of reckless homicide. On January 20, 1978, the defendant petitioned the court below for the early termination of probation. (See Ill. Rev. Stat. 1977, ch. 38, pars. 1005—6—2(c) and 1005—6—4.) Ten days later, the State petitioned to revoke probation on the basis that there was a theft charge pending against the defendant in an adjoining county.

On February 2, 1978, a hearing was held before Judge Phillip Locke, the judge who had originally placed the defendant on probation. The State opposed the petition and attempted to continue the hearing pending further investigation of the theft charge against the defendant. This request for a continuance was denied. At the hearing, the defendant's probation officer supported the petition for early termination. He characterized the defendant as a "model probationer" and informed the court of the steps defendant had made toward correcting his drinking problem. The probation officer further testified that he had been informed by the defendant of the theft charge and had discussed this charge with the arresting police department. Finally, the officer testified that the pending charge did not negate his support for defendant's early termination of probation.

The defendant also testified concerning his activities while on probation. He specifically stated he had refrained from drinking intoxicating beverages and driving an automobile. The State's attempt to cross-examine the defendant concerning the pending theft charge was prohibited by the court. The State presented no direct evidence at the hearing.

At the close of the hearing, Judge Locke ordered the defendant's

probation terminated instanter. Judge Locke retired from the Circuit Court of Du Page County on February 3, 1978—the day following the hearing.

The State filed a timely motion to vacate the order terminating probation and requesting a hearing to revoke probation. This motion was assigned to Judge William Hopf who after reviewing the record vacated the February 2 order and ruled that a hearing to revoke probation was obligatory. The defendant appeals from this ruling of Judge Hopf.

Three issues are raised by this appeal: (1) whether a circuit court judge may vacate an order of a retired circuit court judge; (2) whether it is mandatory that a hearing be held once the State files a petition to revoke probation; and (3) whether the order for early termination of probation was supported by the evidence.

The defendant's first contention is that the State's attempt to have another circuit court judge vacate Judge Locke's order terminating probation was an improper collateral attack. The cases cited by defendant in support of this contention (see, *e.g.*, *People ex. rel. Kelly v. Epstein* (1974), 61 Ill. 2d 229, 231, 335 N.E.2d 430, 431) stand for the general proposition that review of the orders of one judge by another judge of the same court in the same case is neither consistent with the orderly administration of justice nor with our judicial system.

■■ ■ We find, however, that this general proposition was not meant to apply to cases where the judge who made the initial decision is no longer available to rule on a reconsideration. Under the facts of this case, defendant's argument amounts to a contention that the right to file a motion to reconsider or vacate an earlier decision is cut off by the retirement of the judge who made the initial decision. This argument has been directly rejected by the Illinois Supreme Court in *Department of Public Works & Buildings v. Legg* (1940), 374 Ill. 306, 29 N.E.2d 515. In that case the court pointed out that jurisdiction is vested in the courts, not in judges, and the court continues although the term of a particular judge has ended. Thus a court has jurisdiction to entertain an application to vacate an order "whether the same judge or his successor was presiding." 374 Ill. 306, 309-10, 29 N.E.2d 515, 517.

Under the relevant statutes and Supreme Court rules, in criminal as well as civil matters the circuit court is given the opportunity to reconsider final appealable judgments and orders within 30 days of their entry. (*People v. Heil* (1978), 71 Ill. 2d 458, 376 N.E.2d 1002.) In the case at bar, the State sought to vacate Judge Locke's order within the proscribed 30-day period. The matter was routinely reassigned to Judge Hopf because Judge Locke had retired. Under the holding of *Legg* this procedure was entirely proper and Judge Hopf had jurisdiction to vacate the order in question.

With the preliminary issue decided adversely to the defendant, the key issue is whether Judge Hopf was correct in his ruling that a hearing was mandated by the State's filing of a petition to revoke the defendant's probation. The statute in question provides:

"(a) When a petition is filed charging a violation of a condition, the court *may*:
(1) order a summons to the offender to appear; or
(2) order a warrant for the offender's arrest where there is danger of his fleeing the jurisdiction or causing serious harm to others or when the offender fails to answer a summons.

The issuance of such warrant or summons shall toll the sentence of probation or of conditional discharge or placement on supervision until the final determination of the charge, and the term of probation, conditional discharge or supervision shall not run so long as the offender has not answered the summons or warrant.

(b) The court *shall* conduct a hearing of the alleged violation." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4.)

There are apparently no cases interpreting the word "shall" in paragraph (b), above. In the absence of controlling case law, defendant makes two arguments with respect to this issue: (1) that he first filed a petition to terminate probation and once this petition was granted there no longer was any probation to revoke, and (2) that the hearing by Judge Locke could be considered a combined hearing on both the petition to terminate and the petition to revoke.

■■ The word "shall" is generally regarded as mandatory. However, "shall" does not necessarily have a fixed or inflexible meaning, and its meaning must be construed in light of legislative intent. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335.) Under the statute in question here, some procedures are prefaced with the word "may" while others are prefaced with "shall." We find this to indicate legislative intent to differentiate between directory and mandatory procedures. Thus, we hold that under section 5—6—4(b) a court must hold a hearing when a petition to revoke probation is filed. We further find such a hearing to be mandated even in cases such as this where there is a pending petition to terminate probation.

This is not to say that a combined hearing, as suggested by the defendant, would be improper. On the contrary, such a combined hearing would serve judicial economy as many of the issues would likely be the same. However, the February 2 hearing cannot be considered such a combined hearing. The State indicated it was unprepared to proceed on its petition to revoke and sought a continuance. No direct evidence was

presented by the State, and whenever the State sought to explore issues pertinent to probation revocation in cross-examination it was chastised by Judge Locke.

In sum we find that there has been no hearing on the State's petition to revoke probation as required by statute. Thus we affirm Judge Hopf's order which vacated the February 2, 1978, order terminating the defendant's probation and required a hearing on the State's petition. Having determined that it was improper to terminate defendant's probation without holding a hearing on the State's petition to revoke probation, we find no need to decide if the order to terminate was against the manifest weight of the evidence.

Affirmed.

GUILD, P. J., and NASH, J., concur.