THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DONALD ZAJIC, Defendant-Appellee.

Second District    No. 79-458

Opinion filed September 16, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

A. J. Marco, of Marco & Mannina, of Downers Grove, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The State appeals from an order of the Circuit Court of Du Page County granting the motion of defendant, Donald Zajic, dismissing his indictment for the offense of theft of a motor vehicle (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)).

On May 9, 1978, defendant had been charged by complaint with having committed the offense of theft on or about the 15th of April 1977, in violation of said statute. At a preliminary hearing before Associate Judge Fredrick Henzi, defendant presented an oral motion to dismiss the complaint. Defendant contended that the three-year statute of limitations for the offense of theft had run, citing section 3—5(b) of the Criminal Code. (Ill. Rev. Stat. 1977, ch. 38, par. 3—5(b).) Although the charging instrument on its face did not allege an offense occurring beyond the statute of limitations, defendant urged that the vehicle had originally come into his possession more than three years prior to the filing of the complaint. The State agreed that the original taking of the subject property occurred on July 29, 1974. The court granted defendant's motion to dismiss, concluding that the statute of limitations precluded the State from prosecuting defendant for this offense.

Without proceeding to an appeal of this ruling, the State successfully indicted the defendant for the same offense that had been charged in the original complaint. Defendant filed a written motion to dismiss on the basis of the prior dismissal of the complaint. The State responded, *inter alia*, that the judge who dismissed the original complaint was an associate judge. Consequently, he allegedly had no authority to dismiss the complaint under Supreme Court Rule 295. (Ill. Rev. Stat. 1977, ch. 110A, par. 295.)

Therefore, the State argued that the original order was void *ab initio* and that it could proceed to an indictment of the defendant.

Defendant's motion to dismiss was granted. The trial court determined that the State should have raised the issue of the prior court's lack of jurisdiction in a motion to vacate before that court. Had the motion been denied, the State's remedy would have been to appeal. The court concluded that the State could not proceed to an indictment before a grand jury instead of appealing from the prior court's order. This appeal followed.

Supreme Court Rule 295 provides:

> "The Chief Judge of each circuit or any circuit judge designated by him may assign an associate judge to hear and determine any matters except the trial of criminal cases in which the defendant is charged with an offense punishable by imprisonment for more than one year. Upon a showing of need presented to the supreme court by the chief judge of a circuit, the supreme court may authorize the chief judge to make temporary assignments of individual associate judges to conduct trials of criminal cases in which the defendant is charged with an offense punishable by imprisonment for more than one year." (Ill. Rev. Stat. 1977, ch. 110A, par. 295.)

The State argued that since the offense of theft of property exceeding $150 is punishable by imprisonment for more than one year, Rule 295 would preclude an associate judge from entering an order disposing of the case on statutory grounds at the preliminary hearing. We are not persuaded.

■■■ As a general proposition, jurisdiction is vested in the courts, not in judges. (*People v. Grant* (1979), 77 Ill. App. 3d 673, 675, 396 N.E.2d 656, 657.) The intent of the assignment rule is to entitle a person in jeopardy of felony incarceration to trial by a circuit judge. (*People v. Crawford Distributing Co., Inc.* (1978), 65 Ill. App. 3d 790, 799-800, 382 N.E.2d 1223, 1231.) The Comments to Rule 295 make it clear that an associate judge may conduct proceedings other than the trial in major criminal cases. (Ill. Ann. Stat., ch. 110A, par. 295, Committee Comments, at 198 (Smith-Hurd Supp. 1977).) However, the term "trial" has been broadly construed. In *People v. Hargraves* (1975), 28 Ill. App. 3d 560, 563-64, 328 N.E.2d 639, 641, the court reasoned that "[t]he key is whether the acts of the judicial officer in question were such as to bring about an end to the matter." Applying this standard to the instant case, we conclude that the associate judge's dismissal of the complaint was a trial for the purposes of Rule 295. The question then becomes whether the rule renders the judge's action void *ab initio* and therefore open to collateral attack. See *Barnard v. Michael* (1945), 392 Ill. 130, 135, 63 N.E.2d 858, 861-62.

■■ Rule 295 is almost identical to section 4 of "An Act to limit or define matters to be assigned to magistrates" (Ill. Rev. Stat. 1969, ch. 37, par. 624)

(now repealed) which concerned the assigning of criminal proceedings to magistrates. The *Hargraves* court concluded that "the probable intendment was to maintain for associate judges the body of authority previously applicable to magistrates." (28 Ill. App. 3d 560, 562, 328 N.E.2d 641.) In *People v. Wexler* (1969), 116 Ill. App. 2d 400, 254 N.E.2d 95, the court concluded that section 4 was not a jurisdictional limitation on the power of magistrates and thus a judgment entered in technical violation of the assignment provision was not void. (See also Ill. Rev. Stat. 1969, ch. 37, par. 628.) More recently in *Charleston National Bank v. Muller* (1974), 16 Ill. App. 3d 380, 384, 306 N.E.2d 358, 361, the court, faced with an application of Rule 295 to a civil case, reasoned as follows:

> "Appellant did not raise the question of the jurisdiction of the associate judge before his ruling on appellees' motion to dismiss the complaint for declaratory judgment. An associate judge was, in fact, presiding at the hearing on the motion, a fact which was known to appellant at the time. Further, the presiding associate judge cannot be said to have assigned himself to the case. He was selected by the circuit judges of the circuit and worked under the direction of them and the chief judge of the circuit. The simple fact that he was presiding in a court where appellant's suit was filed and appellees' motion was argued is conclusive evidence of the fact that he was suitably assigned to hear their case in the absence of any assignment to the contrary."

While the *Charleston* case is not directly controlling, we believe it is persuasive authority for the proposition that objections based on Rule 295 must be raised in a timely manner.

■■ In light of the above authority and of the purpose of Rule 295, we hold the trial court did not err in finding that the State was precluded from raising in a collateral proceeding Judge Henzi's lack of authority. Having determined that Judge Henzi's dismissal order was not void *ab initio*, we conclude that it was improper to return an indictment on the dismissed charges.

■■ Section 114—1 of the Code of Criminal Procedure provides in pertinent part:

> "(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:
>
> \* \* \*
>
> (2) The prosecution of the offense is barred by Sections 3—3 through 3—8 of the "Criminal Code of 1961", approved July 28, 1961, as heretofore and hereafter amended;"
>
> \* \* \*

(e) Dismissal of the charge upon the grounds set forth in subsections (a)(4) through (a)(10) of this Section shall not prevent the return of a new indictment or the filing of a new charge * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 114—1.)

Subsection (a)(2), which includes dismissal based on the running of the statute of limitations (Ill. Rev. Stat. 1977, ch. 38, par. 3—5) is clearly excluded from subsection (e), which lists those grounds for dismissal that will not preclude a reindictment. The Committee Comments to this section state that "subsection (e) indicates that subsections (1), (2), and (3) are situations in which trial would be effectively barred in all future cases as well as the present case." (Ill. Ann. Stat., ch. 38, par. 114—1, Committee Comments, at 198 (Smith-Hurd 1977).) Consequently, the State's only remedy would have been an appeal of Judge Henzi's order pursuant to Supreme Court Rule 604. Ill. Rev. Stat. 1977, ch. 110A, par. 604.

For the foregoing reasons the judgment of the Circuit Court of Du Page County granting defendant's motion to dismiss his indictment is affirmed.

Affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.