THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PATRICK H. CRAY et al., Defendants-Appellees.

Fourth District   No. 4—90—0365

Opinion filed February 6, 1991.—Rehearing denied March 25, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Ellen Schanzle-Haskins, Assistant Attorneys General, of counsel), for the People.

Carl E. Kasten, of Phelps, Carmody, Kasten, Verticchio & Ruyle, of Carlinville, for appellee Douglas Crabtree.

W. Scott Hanken and John H. Long, both of Pfeifer & Kelty, P.C., of Springfield, for appellee Patrick Cray.

PRESIDING JUSTICE LUND delivered the opinion of the court:

The People of the State of Illinois appeal from the dismissal on May 1, 1990, by the circuit court of Macoupin County of a second superseding indictment charging Douglas Crabtree and Patrick Cray with keeping false records, issuing fraudulent warehouse receipts, State benefits fraud, and conspiracy to commit fraud. The dismissal was based on the theory that the action was barred by statute of limitations. The People contend the statute of limitations was tolled by the provisions of section 3—7(c) of the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1989, ch. 38, par. 3—7(c)).

The offenses with which this matter is concerned relate to alleged violations resulting from the operation of Atwater Grain Company and the issuing of warehouse receipts for grain supposedly stored in the company's warehouse. The last offense charged allegedly took place on March 12, 1985.

On October 21, 1986, an indictment relating to various offenses was returned against Patrick Cray (No. 86—CF—153). On March 14, 1988, a criminal information relating to the same offenses was filed against Douglas Crabtree and Patrick Cray (No. 88—CF—34). A superseding indictment charging the same offenses was returned against both defendants on December 14, 1988 (No. 88—CF—223). The second superseding indictment charging the same offenses was returned on July 20, 1989 (No. 89—CF—114). The defendants do not suggest in this appeal that the March 14, 1988, filing was beyond the statute of limitations.

On April 6, 1988, No. 88—CF—34 was dismissed by the circuit court because the State did not appear for a hearing. Notice of appeal from that dismissal was filed on April 7, 1988. On December 14, 1988, while the appeal in No. 88—CF—34 was pending, the superseding indictment (No. 88—CF—223) was filed. The appeal from dismissal of No. 88—CF—34 was dismissed on the State's motion on February 1, 1989. (*People v. Crabtree* (4th Dist. Feb. 1, 1989), No. 4—88—0260 (order of dismissal).) On March 27, 1989, Nos. 86—CF—153 and 88—CF—34 were dismissed as to Patrick Cray, upon the State's motion.

On June 6, 1989, the circuit court granted defendants' motion to dismiss the superseding indictment (No. 88—CF—223). The State filed a notice of appeal on June 9, 1989. The second superseding indictment (No. 89—CF—114) was filed on July 20, 1989, and the appeal from the dismissal of No. 88—CF—223 was dismissed on September 12, 1989, with the State's approval. *People v. Cray* (4th Dist. Sept. 12, 1989), No. 4—89—0504 (order of dismissal).

On May 1, 1990, the second superseding indictment (No. 89—CF—114) was dismissed on defendants' motion. The court basically stated that the dismissal of the second superseding indictment in No. 88—CF—223 was a judicial determination that the statute of limitations had run and was the law of the case, and that the only way to set aside that determination was by reversal on appeal. The State filed a notice of appeal on May 23, 1990, relating to the dismissal of the second superseding indictment (No. 89—CF—114).

Section 3—5(b) of the Criminal Code provides, in part, that "prosecution *** must be commenced within 3 years after the commission of the offense." (Ill. Rev. Stat. 1989, ch. 38, par. 3—5(b).) The State argues that the limitation was tolled by the provisions of section 3—7(c) of the Criminal Code, which provides in part:

"Periods Excluded from Limitation. The period within which a prosecution must be commenced does not include any period in which:

* * *

(c) A prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal." (Ill. Rev. Stat. 1989, ch. 38, par. 3—7(c).)

The defendants contend that when the State abandoned its appeal in No. 89—CF—114, it was precluded from the reconsideration of the determination that prosecution was barred by the statute of limitations. It is contended that the abandonment of the appeal results in collateral estoppel.

■ An indictment which indicates the filing of the indictment was beyond the statute of limitations must also allege the facts tolling the statute, even though not requiring the particular disposition of the tolling offense. *People v. Isaacs* (1967), 37 Ill. 2d 205, 230-31, 226 N.E.2d 38, 52; *People v. Carman* (1943), 385 Ill. 23, 25, 52 N.E.2d 197, 198; *People v. Hawkins* (1975), 34 Ill. App. 3d 566, 569, 340 N.E.2d 223, 225.

■ ■ If an information or indictment is dismissed based on a determination that the statute of limitations has expired, the State's sole recourse is an appeal from the dismissal. Reindictment is not possible, absent a reversal on appeal. (*People v. Zajic* (1980), 88 Ill. App. 3d 412, 415-16, 410 N.E.2d 626, 629.) Dismissal of an indictment because of the State's failure to state an offense does not prevent reindictment, regardless of the appellate procedure. Ill. Rev. Stat. 1989, ch. 38, pars. 114—1(a)(8), (e).

The State contends that the dismissal of the superseding indictment (No. 88—CF—223) was a dismissal for failure to state an offense. Dismissal of a charge because of failure to prosecute within the statute of limitations is provided for by section 114—1(a)(2) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a)(2)), while dismissal for failure to state an offense is provided for by section 114—1(a)(8) (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a)(8)). Section 114—1(e) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(e)) provides that dismissal "upon the grounds set forth in subsections (a)(4) through (a)(11)" of section 114—1 "shall not prevent the return of a new indictment or the filing of a new charge."

■ The 15 counts in the second superseding indictment (No. 89—CF—114) were the same as alleged in the superseding indictment (No. 88—CF—223). While we cannot agree that the failure to allege the tolling information was only the failure to leave out an element of the offense, we also cannot agree that the order of the trial court dismissing the superseding indictment (No. 88—CF—223) was a dismissal based on the running of the statute of limitations.

The court's order of June 6, 1989, provides, in relevant part:

"The issue to be decided by the Court is, should the indictment returned by the Grand Jury of Macoupin County on December 14, 1988, be dismissed because on its face it shows that the indictment was returned and filed after the Statute of Limitations had expired on the crimes charged, and because the indictment fails to allege facts and circumstances which would show a justification for the tolling or extension of the Statute of Limitations?

This Court is of the opinion that this question should be answered in the affirmative. This Court adopts the reasoning of the cases cited by the Defendants and holds that the indictment returned and filed on December 14, 1988, should be dismissed because it fails to allege facts or circumstances which may have tolled or extended the period of the Statute of Limitations applicable to the charges shown in said indictment. In order to take advantage of the provisions of Section 3—7 of Chapter 38 (Illinois Revised Statutes) the information or indictment must contain allegations of fact setting forth the reasons why the Statute of Limitations should be tolled or extended. There are no such allegations in the indictment returned and filed on December 14, 1988."

The order also provides, in relevant part:

*"IT IS, THEREFORE, ORDERED BY THE COURT, AS FOLLOWS*:

1. That the motion of the Defendants to dismiss the indictment filed herein are [*sic*] allowed and the indictment returned by the Grand Jury and filed herein on December 14, 1988, is dismissed."

The record clearly indicates the attorneys' and the court's awareness of the existence of the tolling information which the State failed to set forth in the superseding indictment.

We conclude that the superseding indictment was dismissed for the failure to include the tolling information, and not because the statute of limitations was a bar to the action.

■■ We determine, under the facts in the present case, the failure to include the tolling information in the superseding indictment (No. 88–CF–223), and the failure to successfully appeal from the order dismissing that indictment, did not prevent the refiling allowed by section 114–1(e) of the Code. We conclude the failure to include the tolling information was similar to a failure to include a necessary element of the offense. Criminal limitation statutes are to be liberally construed or interpreted in favor of defendants, because such statutes are enacted in recognition of the fact the passage of time may obscure the basic proof of guilt and of innocence. (*People v. Mudd* (1987), 154 Ill. App. 3d 808, 813, 507 N.E.2d 869, 873; *Toussie v. United States* (1970), 397 U.S. 112, 25 L. Ed. 2d 156, 90 S. Ct. 858.) Timely notice of the prosecution protects from the loss of evidence possibly relevant to the defense.

■■ In the present case, the defendants have had knowledge of the charges and the intent to prosecute from a time within the three years of the alleged offenses, and their ability to prepare a defense has not been abnormally hindered. The failure to include the tolling information was a technical error. The trial court's decision in dismissing the second superseding indictment must be reversed.

Reversed and remanded.

GREEN and STEIGMANN, JJ., concur.