NOTICE

Decision filed 12/14/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220280-U

NO. 5-22-0280

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 19-CM-425 |
| | ) | |
| BRENDA KNUTH, | ) | Honorable |
| | ) | Charles Mockbee, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court's dismissal of refiled criminal charges against the defendant based on collateral estoppel or *res judicata* was error where the charges were previously dismissed only for failure to state an offense pursuant to 725 ILCS 5/114-1(a)(8) (West 2018).

¶ 2    The defendant, Brenda Knuth, was charged with resisting or obstructing a peace officer (720 ILCS 5/31-1(a) (West 2018)) and obstructing service of process (*id.* § 31-3). She filed a motion to dismiss arguing that "under the doctrine of *res judicata*, [the case] may not be relitigated." The circuit court granted the motion, dismissed the case, and then subsequently denied the State's motion to reconsider. The State now appeals the dismissal of its claims. For the reasons that follow, we reverse and remand for further proceedings.

1

¶ 3                                    I. BACKGROUND

¶ 4     On February 13, 2018, the defendant was charged by information in Vermilion County case No. 18-CM-91 with resisting or obstructing a peace officer (count I) and obstructing service of process (count II). The charges read as follows:

"COUNT I—RESISTING OR OBSTRUCTING A PEACE OFFICER, the defendant[,] Brenda D. Knuth[,] on or about the 6th day of February, 2018, knowingly resisted or obstructed the performance of Jesse Roach of an authorized act within his official capacity, the arrest of Brenda D. Knuth, knowing Jesse Roach to be a peace officer engaged in the execution of his official duties, in that she attempted to pull a storm door and main door shut, grabbed onto a shelf and pulled her body against it, when Jesse Roach was attempting to restrain her, in violation of 720 ILCS 5/31-1(a).

COUNT II—OBSTRUCTING SERVICE OF PROCESS, the defendant[,] Brenda D. Knuth[,] on or about the 6th day of February, 2018, knowingly obstructed the authorized service or execution of a service of a summons in 18-OP-27 on Eric Smith, in that she told Jesse Roach she did not know the whereabouts of Eric Smith, when in fact she knew he was at a hotel in South Carolina and that his phone number is 217-772-***, in violation of 720 ILCS 5/31-3."

¶ 5     On September 12, 2018, the defendant filed a motion to dismiss. The motion contained only arguments relating to count II, the obstructing service of process, but asked for relief for the entire action to be dismissed. Attached to the motion was Officer Jesse Roach's (Roach) police report. The motion argued that the facts as set forth in the report were insufficient to prove count II. Specifically, the motion compared the language of the charging instrument to the facts as alleged in Roach's police report and argued that her conduct did not constitute obstruction of service of process as a matter of law. The circuit court on October 12, 2018, held a hearing on the

motion. Defense counsel stated that his argument was a legal one, not evidentiary, and was based strictly on the charges as written, as well as relevant case law and applicable statutes. The State responded that the charges as pled were sufficient and that at trial they would put forth additional evidence which would demonstrate the defendant had lied to the officers on previous occasions as well. The circuit court took the matter under advisement.

¶ 6     On February 4, 2019, the court entered an order granting the defendant's motion to dismiss. Citing section 114-1(a)(8) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-1(a)(8) (West 2018)), the circuit court applied the legal standard that a defendant can move to dismiss a charge if the charge does not state an offense. The court noted that the charging instrument must give notice of the elements of the charge and particularize it with allegations of the essential facts to enable the accused to prepare a defense which, if successful, would bar further prosecution for the same offense.

¶ 7     In the order, the circuit court also stated, "The [S]tate alleges that [the defendant], on February 6, 2018, knowingly obstructed service of a summons in 18-OP-27 when she told Roach 'she did not know the whereabouts of Eric Smith, when in fact she knew he was at a hotel in South Carolina'. The [S]tate does not allege that [the defendant] told false information to Roach. The [S]tate does not allege any affirmative action on the part of [the defendant]." The court then noted that comparing the charging instrument with the facts in the police report, it believed that the situation appeared to be a "series of events" in which the defendant told officers different stories in an effort to avoid service, but that this was "not what the [S]tate alleged in the information. The information was very specific about [the defendant]'s conduct." Additionally, the circuit court stated that since Eric Smith was not present at the defendant's address in Illinois, the second element of the offense as alleged could not be proven. The court then granted the motion to dismiss,

declaring that the State failed to allege an action of which the defendant could be found guilty. The court stated, "The case is dismissed, conditions of bond stricken and all court dates are stricken."

¶ 8    Following the circuit court's dismissal of the case, the State filed on March 1, 2019, a motion to reconsider. The motion reiterated the State's previous arguments, but also contended that count I of the case should be reinstated as the defendant's motion to dismiss only addressed count II. However, the State ultimately decided not to pursue further consideration of its motion and made a motion to withdraw its motion to reconsider on July 11, 2019. At the same time, it also requested all remaining court dates to be stricken. The circuit court granted both motions. As a result, the State's motion to reconsider was never heard, and the State did not file a notice of appeal from the dismissal.

¶ 9    The same day the State withdrew its motion to reconsider in case No. 18-CM-91, it filed charges against the defendant in the present case, Vermilion County case No. 19-CM-425. Count I was again resisting or obstructing a peace officer and was nearly identical with the count I filed in the previous case. Count II was again obstructing service of process. The language of the charge was different in case No. 19-CM-425 from the previous case in that it provided a different description of the defendant's actions on February 6, 2018. Instead of alleging, "told Jesse Roach she did not know the whereabouts of Eric Smith, when in fact she knew he was at a hotel in South Carolina and that his phone number is 217-772-***," count II of the present case simply alleged that the defendant "provided false information to Roach as to the whereabouts of Eric Smith."

¶ 10    On November 20, 2019, the defendant filed a motion to dismiss the present case based on *res judicata*, arguing that the State had refiled the same allegations that were dismissed in case No. 18-CM-91. On December 17, 2019, the State filed its response which argued that the doctrine of *res judicata* did not apply, and instead that dismissal was controlled under section 114-1 of the Code. 725 ILCS 5/114-1 (West 2018). The State argued that the previous dismissals were

4

improper, and thus, because they were improperly dismissed, they could not be barred from refiling them. It also argued that count I was improperly dismissed because it was not even at issue in the defendant's motion to dismiss. Finally, it argued that "[t]he [18-CM-91] Court's written ruling was based on the verbiage of the State's Information with respect to the Obstruction of Service of Process only," and that the "new charges, which do not mirror the language of the initial charges, and can be amended if need[ed], were filed timely on July 11, 2019."

¶ 11    On November 10, 2021, the circuit court held a hearing on the motion to dismiss the present case. The parties reiterated their motions during argument. The circuit court took judicial notice of the previous case, 18-CM-91. Then the circuit court announced its ruling and granted the defendant's motion to dismiss both charges on the grounds that they had been previously dismissed and the State was barred from refiling them. The court noted that the State can nol-pros a case and refile it, but that this was not what the State did here. Instead, there was argument on the prior motion to dismiss and the prior court dismissed the case. The court then stated that the State "could have taken certain action" at that point such as having its motion to reconsider heard or filing an appeal, but that the court did not believe that the State could refile "essentially the same charges" based on the same thing, after the prior court dismissed them.

¶ 12    On December 10, 2021, the State filed a motion to reconsider. On February 15, 2022, the circuit court denied the State's motion to reconsider. This timely appeal followed.

¶ 13                                        II. ANALYSIS

¶ 14    First, we note that the parties agree that the dismissal of the charges in case No. 18-CM-91 was based upon the State's failure to state an offense pursuant to section 114-1(a)(8) of the Code (725 ILCS 5/114-1(a)(8) (West 2018)). On appeal, the State contends that because the dismissal was for failure to state an offense, the dismissal was without prejudice, and thus, it is not barred from filing new charges pursuant to section 114-1(e) of the Code (*id.* § 114-1(e)). The defendant

contends that the circuit court properly dismissed the charges under the doctrine of *res judicata* or collateral estoppel because the circuit court's dismissal was with prejudice and on the merits. Further, it contends that this appeal is simply the State's way of attempting to attack the dismissal of the charges in 18-CM-91 collaterally because it failed to pursue proper relief when it had the opportunity following the dismissal in that case.

¶ 15 Generally, a ruling on a motion to dismiss is reviewed for abuse of discretion, but where the issues present purely legal questions, the standard of review is *de novo*. *People v. Stapinski*, 2015 IL 118278, ¶ 35. Here, the circuit court did not hear any evidence and did not make any factual findings when dismissing the present case. In fact, the court stated that the issue was procedural, and not based on the merits of the prior case. The circuit court's dismissal order is thus reviewable *de novo*. See *id*.

¶ 16 First, we turn to the controlling statute on the issue at hand. Section 114-1(a)(8) of the Code states that "the court may dismiss the indictment, information or complaint upon any of the following grounds: *** The charge does not state an offense." 725 ILCS 5/114-1(a)(8) (West 2018). That is the reasoning given by the circuit court for the dismissal in 18-CM-91. The statute goes on to state that "[d]ismissal of the charge upon the grounds set forth in subsections (a)(4) through (a)(11) of this Section *shall not prevent the return of a new indictment or the filing of a new charge ***.*" (Emphasis added.) *Id.* § 114-1(e). Thus, the statute clearly sets forth an exception which allows the refiling of "a new indictment or the filing of a new charge" following a court's dismissal for failure to state an offense, such as was the basis in 18-CM-91. As a result, we do not find the defendant's argument that the circuit court's dismissal in 18-CM-91 was with prejudice to be persuasive where the legislature has set forth a specific provision allowing for the refiling of charges following these types of dismissals. Further, the fact that the circuit court stated that it was dismissing for failure to state an offense confirms this court's understanding the

dismissal was not one based upon the merits, but merely on a defect in the pleading and charges. See *People v. Sheehan*, 168 Ill. 2d 298, 303 (1995) ("The purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the complaint, not the sufficiency of the evidence.").

¶ 17    This brings us to the next contentions of the defendant. The defendant argues that the State should still be barred from refiling in the present matter because the "new" charges are the same as the previously dismissed charges, and because the State failed to properly challenge the dismissal of the charges in 18-CM-91 with its motion for reconsideration or an appeal.

¶ 18    To address these arguments, we turn to two factually similar Illinois cases for instruction. The first is *People v. Cray*, 209 Ill. App. 3d 60 (1991). In *Cray*, the circuit court dismissed the superseding indictment because " '[the State] fail[ed] to allege facts or circumstances which may have tolled or extended the period of the Statute of Limitations applicable to the charges shown in said indictment.' " *Id.* at 64. The State filed an appeal from this dismissal, but subsequently dismissed it. *Id.* at 62. The State then filed a second superseding indictment against the defendants with the "same" charges. *Id.* The circuit court then, upon a motion filed by the defendants, dismissed those charges finding that the previous dismissal of the first superseding indictment "was a judicial determination that the statute of limitations had run and was the law of the case, and that the only way to set aside that determination was by reversal on appeal." *Id.* at 63. The State then appealed. *Id.* On appeal, the appellate court reversed the circuit court's dismissal, holding that the State's "failure to include the tolling information in the superseding indictment ***, and the failure to successfully appeal from the order dismissing that indictment, did not prevent the refiling allowed by section 114-1(e) of the Code." *Id.* at 65. The court went on to state, "We conclude the failure to include the tolling information was similar to a failure to include a necessary element of the offense." *Id.*

¶ 19    The second analogous case is *People v. Keystone Automotive Plating Corp.*, 98 Ill. App. 3d 40 (1981), where the defendants were indicted three times for alleged violations of the Illinois Antitrust Act. *Id.* at 41. Following the circuit court's dismissal of the charges against the defendants for being "defective," the State initially filed an appeal challenging the dismissal and later dismissed that appeal following a grand jury's return of two "almost verbatim" indictments. *Id.* at 42. The defendants moved to dismiss those new indictments arguing they were " 'based on the same cause of action' " as that previously dismissed, which the circuit court subsequently granted. *Id.* On appeal, the defense argued that "the State is estopped from bringing this appeal because it voluntarily dismissed a prior appeal which involved the same issues and the same parties." *Id.* The reviewing appellate court disagreed, holding:

> "The obvious purpose of section 114-1(e) is to preclude use of collateral estoppel against the State if an indictment is dismissed and the defendant is not re-indicted until after the dismissal has become final. And, we find no reason for concluding that the initial notice of appeal was a binding election which makes section 114-1(e) inapplicable. In this case, the first indictment was dismissed on the grounds that it did not properly charge an offense. Consequently, we conclude that section 114-1(e) precludes the use of collateral estoppel against the State." *Id.*

¶ 20    Here, similarly to *Cray* and *Keystone*, the State abandoned its motion to reconsider in 18-CM-91 (and also chose not to file an appeal of the 18-CM-91 dismissal) following its refiling of the charges in the present case. While the new charges in the present case are essentially the same as those previously dismissed in 18-CM-91, as outlined in the case law above, section 114-1(e) precludes collateral estoppel or *res judicata* from preventing the refiling of those charges despite their similarity. Further, as evidenced by the case law above, the State's failure to follow through

8

on its motion to reconsider or its failure to file an appeal following the 18-CM-91 dismissal for failure to state an offense does not deprive it of the right to refile new indictments or charges.

¶ 21    Finally, we note that this decision only addresses the circuit court's decision to dismiss based upon the State being collaterally estopped or barred from refiling the charges. This decision is not indicative of whether the new charges, as alleged, properly cured the defect for which they were previously dismissed in case No. 18-CM-91, because at present that question is not properly before us.

¶ 22                                  III. CONCLUSION

¶ 23    For the foregoing reasons, we reverse the circuit court's November 10, 2021, dismissal of the charges against the defendant and remand for further proceedings.


¶ 24    Reversed and remanded.